Joseph ST. AUBBIN, Plaintiff
and Appellant,

v.

David A. NELSON, Defendant, Third
Party Plaintiff and Appellee,

v.

Gary BUEE, Third Party Defendant.

Steve P. GREMAN, Plaintiff
and Appellant,

v.

David A. NELSON, Defendant, Third
Party Plaintiff and Appellee,

v.

Gary BUEE, Third Party Defendant.

Dennis LIEBEL, Plaintiff and Appellant,

v.

David A. NELSON, Defendant, Third
Party Plaintiff and Appellee,

v.

Gary BUEE, Third Party Defendant.

Civ. Nos. 10246–10248.

Supreme Court of North Dakota.

Feb. 15, 1983.

Teevens, Johnson & Montgomery, Minot, for plaintiff and appellant; argued by W.P. Teevens, Jr., Minot.

Zuger & Bucklin, Bismarck, for defendant, third party plaintiff and appellee; argued by Leonard H. Bucklin, Bismarck.

PEDERSON, Justice.

In this case we are asked to set aside the decision of the trial court dismissing with prejudice the three suits for failure to comply with an order requiring answers to interrogatories. See Rule 37(b)(2)(C) NDRCivP. We affirm the dismissals.

St. Aubbin, Greman and Liebel, passengers in a vehicle driven by Gary D. Buee, were injured when the Buee vehicle collided with a vehicle driven by Nelson. Shortly after the three suits were started, Nelson served interrogatories on each of the plaintiffs. Rule 33 NDRCivP. After the expiration of considerably more than the 30-day period allowed by Rule 33, and when plaintiffs failed to respond, Nelson moved for Rule 37 sanction in each of the suits. No-

tice of motion was served on plaintiffs' counsel by mail. There was no response.

In granting Nelson's motion, the trial court ordered each of the plaintiffs to answer the interrogatories and pay assessed costs within 10 days or the suit would be dismissed with prejudice. The costs assessed were as follows: (1) against St. Aubbin—$75.00; (2) against Greman—$150.00; and (3) against Liebel—$37.00. That order was served on plaintiffs' counsel by mail.[1]

After more than 10 days had expired, and upon a showing by Nelson that each of the plaintiffs had failed to respond in any manner, including failing to answer the interrogatories and pay the assessed costs, the trial court entered judgments of dismissal in each of the three suits and judgments for the costs previously assessed against each of the plaintiffs.

■ Before we reach the merits of these appeals, we must address two of the numerous motions that have been made in this court. One of the motions, that we dismiss the appeals, is made by Nelson. Another motion, made by the three plaintiffs, is that we allow them to amend their notice of appeal.

The record shows that three judgments of dismissal were entered: (1) On May 11, 1982 in the St. Aubbin suit; (2) on May 4, 1982 in the Greman suit; and (3) on May 11, 1982 in the Liebel suit. The three plaintiffs incorrectly assumed that the suits had been consolidated and filed one notice of appeal. That notice recites:

"Please take notice that *the Plaintiffs appeal from that Judgment dismissing Plaintiffs' action* entered the 1st day of May, 1982." (Emphasis supplied).

One of the grounds upon which Nelson bases the motion to dismiss the appeal is that the plaintiffs did not appeal from the final judgment but from an interlocutory order "entered the 1st day of May, 1982." The plaintiffs react to Nelson's motion to dismiss by a motion of their own that they be allowed to amend their notice of appeal to read:

"Please take notice that Plaintiffs abovenamed, hereby *appeal* to the North Dakota Supreme Court *from the final judgments dismissing the above actions* entered on the 1st and 6th days of May, 1982. The above actions were consolidated into one action for a determination of percentage of negligence and one hearing was held regarding the above dismissals." (Emphasis supplied).

In *First Nat. Bank of Hettinger v. Dangerud,* 316 N.W.2d 102, 104 (N.D.1982), we said:

"*Because no appeal has been taken from the judgment* . . . and because the 90-day limitation set out in Rule 4, NDAppP, has expired, this court is without jurisdiction to consider the appeal or the motion to amend the notice of appeal." (Emphasis supplied).

The notice of appeal in *Dangerud* recited that the appeal was taken from an "order for judgment." That distinguishes it from both the initial notice of appeal and the proposed amended notice of appeal in this case—both of which recite that the appeal is from a "judgment" or "final judgment." It is true, as Nelson says, that both the notice of appeal and the proposed amended notice of appeal contain wrong dates. The judgments were entered on May 4 and May 11—none were entered on May 1 or May 6. No date is ordinarily necessary in a notice of appeal in order to give this court jurisdiction. The motions to dismiss the appeal and to amend the notice of appeal are denied.

We also note at this point that after the entry of judgment in each of these cases, the plaintiffs moved for, but were denied, relief from the judgments pursuant to Rule 60(b) NDRCivP. Even though a hearing was held on this motion and testimony received which tended to show excusable ne-

---

1. The plaintiffs at various stages have been represented by attorneys Robert W. Palda and Mitchell Mahoney in addition to their present counsel. We make no assessment as to the responsibility of any attorney for actions taken or actions not taken, and none should be inferred.

glect, none of that evidence is before this court because no appeal was taken from the order denying the Rule 60(b) motion for relief from the judgments.

The merits of the appeal from the judgments of dismissal under Rule 37(b)(2)(C) are before us. The merits of plaintiffs' motion for relief from the judgment are not before us nor are the merits of the plaintiffs' claims against Nelson.

Often we indicate our preference that disputes be settled on the merits. *Schmidt v. Schmidt,* 325 N.W.2d 230, 232 (N.D.1982). At syllabus 2 in *Erling v. Haman,* 144 N.W.2d 215 (N.D.1966), this court held:

"Under Rule 37(b)(2)(iii), North Dakota Rules of Civil Procedure, the dismissal of a complaint is a drastic sanction not to be invoked by a trial judge when an alternative, less drastic sanction is available and just as effective."

In a later decision, after citing *Erling v. Haman* and a number of cases from other jurisdictions, we concluded that the cases illustrated the necessity for balancing. We added that " ... if there is too literal an adherence to the 'reach-the-merits' philosophy and sanctions for procedural rules violations are never used, disrespect for the rule is promoted and the purpose for the rule is soon lost." *City of Fargo, Cass Cty. v. Candor Const.,* 260 N.W.2d 8, 10 (N.D. 1977).

Insofar as pertinent to this case, the applicable part of our Rule 37 is identical to Federal Rule 37, Rules of Civil Procedure, from which it was derived. *State v. Hamann,* 262 N.W.2d 495, 501 (N.D.1978), held that:

"Although we have said that this court is not compelled to interpret state procedural rules derived from federal rules in the same fashion as federal courts, we have observed that such decisions are highly persuasive."

One highly persuasive decision, *National Hockey League v. Met. Hockey Club Inc.,* is a per curiam opinion by the United States Supreme Court reversing the court of appeals which had reversed a trial court's dismissal of an action pursuant to Rule 37(b)(2)(C), stating:

"The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing. (Cites omitted).

. . . .

"There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the District Court.

"But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met. Hockey Club Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747, 751 (1976). See other federal court cases cited in 8 Wright and Miller, Federal Practice and Procedure, § 2284.

State courts applying the same or similar statutes or rules have used like reasoning in upholding the "drastic" remedy of dismissal for failure to comply with a court order requiring that interrogatories be answered. E.g. *Pearson Corp. v. Wichita Falls Boys Club,* 633 S.W.2d 684 (Tex.App.1982); *First Citizens Bank & Trust Co. v. Powell,* 58 N.C.App. 229, 292 S.E.2d 731 (1982); *Johnson v. Allstate Ins. Co.,* 410 So.2d 978 (Fla. Dist.Ct.App.1982); and *American Bd. of Trade v. Dun & Bradstreet,* N.H., 444 A.2d 550 (1982).

■ The standard of review by this court when a trial court has applied any of the

Rule 37 sanctions is "abuse of discretion." Entirely different principles are involved when this court itself applies sanctions pursuant to Rule 13 NDRAppP. Under Rule 13, we note that prejudice must be shown to warrant dismissal of an appeal on the grounds of a rules default by appellant. *Halverson v. Pet, Inc.*, 260 N.W.2d 11 (N.D. 1978). Appellant's counsel overlooks this distinction in his argument.

█ In this appeal from the judgments entered on May 4 and May 11, the burden is on the appellants to show that in the light of the information available to the trial court on those dates, it acted arbitrarily, unreasonably or unconscionably in dismissing the three suits. Appellants have not even tried to do that. Their entire argument is based upon facts shown to the trial court on June 14, 1982 at a hearing on a Rule 60(b) NDRCivP motion requesting relief from the judgments of dismissal due to excusable neglect. To give this court jurisdiction to consider factors developed at the June 14 hearing, required an appeal from the order denying the Rule 60(b) motion. No such appeal was taken, and time for such appeal has expired.

The trial court did not abuse its discretion in dismissing the three suits for failure to comply with its order to answer interrogatories. It would be inappropriate for this court to speculate as to the results had there been an appeal from the order denying the Rule 60(b) motion.

Judgment of dismissal in each of the three suits is affirmed. In addition to the costs awarded to Nelson in the three judgments, he is entitled to costs on appeal as allowed by Rule 39 NDRAppP in each case.

ERICKSTAD, C.J., VANDE WALLE and SAND, JJ., and ALLAN L. SCHMALEN-BERGER, District Judge concur.

SCHMALENBERGER, District Judge, sitting in place of PAULSON, J., disqualified.