Hayden **THOMPSON, Raymond Buckle, and Donald A. Thompson, Plaintiffs and Appellants,**

v.

Silver **ZIEBARTH, Defendant and Appellee.**

Civ. No. 10331.

Supreme Court of North Dakota.

May 12, 1983.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for plaintiffs and appellants; argued by A. William Lucas, Bismarck.

William W. Binek, Bowman, for defendant and appellee.

ERICKSTAD, Chief Justice.

This is an appeal by the plaintiffs, Hayden Thompson, Raymond Buckle, and Donald A. Thompson, from an order of the District Court of Ward County, dated August 10, 1982, dismissing their action against the defendant, Silver Ziebarth, under Rule 37, N.D.R.Civ.P., as a sanction for failure to make discovery. We reverse and remand.

On January 30, 1979, the plaintiffs filed this action against Ziebarth for the purchase price of cattle allegedly purchased by Ziebarth from the plaintiffs. The plaintiffs previously filed a complaint against Ziebarth on December 30, 1975, which was substantially identical to the complaint filed in this action. That complaint was dismissed, without prejudice, on February 21, 1978, for want of prosecution.

Ziebarth filed a motion for dismissal of this lawsuit on two grounds: (1) that the plaintiffs have failed to appear for depositions and have failed to make discovery; and (2) that the action was not commenced within four years after the cause of action accrued as required under Section 41–02–104, N.D.C.C. The district court, without discussing the statute of limitations issue, entered an order on August 10, 1982, holding Donald Thompson in contempt of court for failing to appear at his scheduled deposition and dismissing the action against all of the plaintiffs for violating the discovery rules.

On appeal the plaintiffs assert that the district court abused its discretion in dismissing the action as a sanction under Rule 37, N.D.R.Civ.P., because a less harsh sanction would have been adequate.

Rule 37, N.D.R.Civ.P., which is patterned after Rule 37 of the Federal Rules of Civil Procedure, provides the trial court with a broad spectrum of sanctions which it may impose where there has been an abuse of the discovery rules. The sanctions imposed by the court will not be set aside on appeal unless they constitute an abuse of discretion by the trial court. *St. Aubbin v. Nelson*, 329 N.W.2d 874 (N.D.1983); *See also, National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, *reh'g denied*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976); *Edgar v. Slaughter*, 548 F.2d 770 (8th Cir. 1977).

In *Erling v. Haman*, 144 N.W.2d 215 (N.D.1966), this Court, in reversing the trial court's dismissal of an action as a sanction under Rule 37, N.D.R.Civ.P., quoted approvingly from an article written by the Honorable Sterry R. Waterman, Associate Justice of the Second Circuit of the United States Court of Appeals:

    " 'The sanctions of dismissal and of judgment by default are severe sanctions, and appellate judges believe they would be remiss in their duties if they chose only to rubber stamp such orders of lower courts. To be sure, these drastic sanc-

tions are indeed provided for by the Rules, but I am certain that the draftsmen did not propose that they should be used liberally in order to eliminate the actual trial of cases.

"I suggest that appellate judges believe that a district judge should approach with hesitation the use by him of dismissal sanctions. Where an alternative, less drastic, sanction would be just as effective it should be utilized.'" 144 N.W.2d at 217–218.

Dismissal of an action or entry of a default judgment as a sanction for discovery abuse should generally be imposed only where there is a deliberate or bad faith non-compliance which constitutes a flagrant abuse of or disregard for the discovery rules. *See, National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, *reh'g denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976); *Edgar v. Slaughter,* 548 F.2d 770 (8th Cir.1977).

In dismissing the plaintiffs' action, the district court appears to have relied primarily upon the following factors: (1) that Donald Thompson did not appear to take his deposition as scheduled on July 11, 1982; (2) that on at least two other occasions one or more of the plaintiffs failed to appear for scheduled depositions; and (3) that Hayden Thompson and Donald Thompson have failed to pay expenses for previous failures to attend depositions as ordered by the court on November 23, 1981, and June 30, 1982, respectively. Although we are not condoning the actions of plaintiffs and their counsel in this lawsuit, we do not believe the factors relied upon by the trial court in dismissing this case are sufficient to warrant a dismissal of the action at this time.

The district court entered an order, dated November 23, 1981, holding the plaintiff, Hayden Thompson, in contempt of court for failure to appear for the taking of his deposition in violation of a court order dated November 9, 1981. The court ordered Thompson to pay Ziebarth's costs of preparing for the deposition in an amount not to exceed $2,500.00 "payment to be made on or before the date set for trial of this action." The plaintiffs assert that Hayden, who resides in Colorado, didn't attend the deposition because the plaintiffs' attorney, Pat Conmy, was unable to locate and notify him of the deposition in sufficient time to avoid a conflicting commitment in Hastings, Nebraska, on the date scheduled for the deposition. Hayden subsequently made himself available in Bismarck where his deposition was taken by Ziebarth on December 2, 1981.

On June 30, 1982, the district court entered an order finding the plaintiff, Donald A. Thompson, in contempt of court for failure to appear for the taking of his deposition, and the court ordered in relevant part, "that all discovery work be completed forthwith, and, if any of the parties refuse to cooperate, the action will be dismissed or Judgment by Default entered, as appropriate" and "that the plaintiff, Donald Thompson, reimburse the defendant for costs, including attorneys fees, for the failure to appear for the taking of his deposition on June 11, 1982, in the sum of $750, payable on or before the taking of the deposition; . . ." The plaintiffs assert that Donald, who resides in Canada, planned to attend the deposition at Minot with his Canadian attorney, Richard Hornung, but Hornung was involved with a trial in the province of Saskatchewan which unexpectedly continued through June 11, 1982, the date scheduled for the deposition, and Donald refused to attend the deposition without Hornung.

Donald's deposition was rescheduled for July 15, 1982. Attorney Conmy sent Hornung a letter notice of this rescheduled deposition, but Hornung was on vacation at the time the letter arrived. Consequently, neither attorney Hornung nor plaintiff Donald Thompson received notice of the rescheduled deposition. When they did not appear for the deposition on July 15, 1982, attorney Conmy placed a telephone call to Hornung's office and was informed by a secretary that Hornung was on vacation and had not received the letter.

Although the foregoing explanations may not constitute examples of recommended law office practices, we believe they demon-

strate that the failures of Hayden and Donald Thompson to appear for scheduled depositions were not the result of deliberate abuse of or flagrant bad faith disregard for the rules of discovery which would warrant a dismissal of their lawsuit.

We believe this case is clearly distinguishable on its facts from *St. Aubbin v. Nelson,* 329 N.W.2d 874 (N.D.1983), wherein this Court affirmed a district court's dismissal of three lawsuits as a sanction under Rule 37, N.D.R.Civ.P. In *Nelson, supra,* interrogatories were served upon the plaintiffs who failed to respond within the 30-day period as required under Rule 33, N.D.R. Civ.P. The defendant moved for sanctions under Rule 37, N.D.R.Civ.P., and the plaintiffs did not respond in any manner to the motion. The district court then ordered the plaintiffs to answer the interrogatories and to pay assessed costs within 10 days or their lawsuits would be dismissed with prejudice. When the plaintiffs failed to respond in any manner to the court's order, the court entered judgments dismissing their three lawsuits. The plaintiffs in this case, unlike the plaintiffs in *Nelson, supra,* filed responses opposing the defendant's request for court ordered sanctions and offered explanations for the alleged discovery abuses committed by them. Whereas the plaintiffs in *Nelson, supra,* offered no explanation for their knowing and willful disregard of the defendant's interrogatory requests, the plaintiffs in this case explained that the failures to appear at scheduled depositions were due to such things as notification problems and conflicting commitments rather than a willful disregard of the discovery rules.

In *Edgar, supra,* the Eighth Circuit Court of Appeals reversed the dismissal of a lawsuit, imposed by the district court as a sanction under Rule 37, Federal Rules of Civil Procedure, where the plaintiff's counsel had failed to timely and properly answer interrogatories. In reversing the dismissal, the court stated:

"Dismissal and entry of a default judgment should be the rare judicial act. When noncompliance is the result of dilatory conduct by counsel, the courts should investigate the attorney's responsibility as an officer of the court and, if appropriate, impose on the client sanctions less extreme than dismissal or default, unless it is shown that the client is deliberately or in bad faith failing to comply with the court's order." 548 F.2d at 773.

In this case, as in *Edgar, supra,* we believe that it was an abuse of discretion for the district court to dismiss the action against the plaintiffs and that a less extreme sanction would have been appropriate.

■ Although the district court is correct that Hayden and Donald Thompson have not paid the costs imposed upon them by the court, it is arguable that under the language of the court's orders neither payment is past due. On November 23, 1981, the court ordered Hayden Thompson to pay Ziebarth's costs of preparing for the November 9, 1981, deposition, not to exceed $2,500.00, "on or before the date set for trial of this action." Although various tentative trial dates have been set, no trial of this case has yet commenced. On June 30, 1982, the court ordered Donald Thompson to pay Ziebarth's costs of preparing for the June 11, 1982, deposition "on or before the taking of the [his] deposition." However, Donald Thompson's deposition has not yet been taken.

We hold that, under the circumstances of this case, the district court abused its discretion in dismissing the action as a sanction under Rule 37, N.D.R.Civ.P.

In its order of August 10, 1982, the district court did not address the statute of limitations issue raised by Ziebarth in his motion to dismiss. In accordance with this opinion, we reverse the court's order dismissing the action and remand for a determination of the statute of limitations issue and for a redetermination, if necessary, of an appropriate sanction order under Rule 37, N.D.R.Civ.P.

SAND, VANDE WALLE, PEDERSON and PAULSON, JJ., concur.