DAKOTA BANK & TRUST CO. OF FAR-
GO, a North Dakota banking corpora-
tion, Plaintiff and Appellee,

v.

Chester BRAKKE, Defendant
and Appellant.

Civ. No. 10933.

Supreme Court of North Dakota.

Nov. 21, 1985.

Lamb, Schaefer, McNair & Larson, Fargo, for plaintiff and appellee; argued by Bruce H. Carlson.

Chester Brakke, pro se on brief. Argued by Richard Harden, Lovett & Associates, Ltd., Minneapolis, Minn.

GIERKE, Justice.

Chester Brakke appeals from a district court judgment ordering him to pay Dakota Bank and Trust Company (Dakota Bank) $318,750.53 plus interest at the rate of $123.96 per day. We affirm.

From 1980 to 1984, Dakota Bank loaned money to Brakke's son and daughter-in-law, Ronald and Jean Brakke. As security for the loans, Brakke co-signed a promissory note and guaranteed other notes executed by Ronald and Jean.

On October 15, 1984, Dakota Bank commenced an action against Brakke for failure to pay on the note and for failure to perform the guarantees. Brakke, through his attorney, Sarah Vogel, answered the complaint, and Dakota Bank served Vogel with requests for admission, requests for production of documents, and interrogatories on November 29, 1984. Brakke refused to answer the interrogatories because they had not been signed by a representative of Dakota Bank and the case had not been filed with the court. Vogel advised Brakke that those matters were not legally significant. Brakke then informed Vogel that he would not answer the interrogatories because he believed they violated his "privacy." In December 1984, Vogel advised Brakke that his failure to answer the interrogatories might result in the court striking the defenses in his answer and permitting judgment for the full amount against him. Vogel also indicated that she would not continue to represent Brakke if he was unwilling to cooperate and answer the interrogatories.

On January 14, 1985, Vogel filed a motion to withdraw as counsel for Brakke, and on the following day she filed Brakke's answer to Dakota Bank's action. She informed Brakke that she had filed the answer and that she had made a motion to withdraw as counsel. A hearing on Vogel's motion was scheduled for January 25, 1985.

On January 17, Dakota Bank filed a motion to compel discovery pursuant to Rule 37, N.D.R.Civ.P. Dakota Bank's motion to compel discovery asked that its requests for admission be deemed admitted, that Brakke be compelled to answer the interrogatories, and that the court impose sanctions, including attorney's fees, costs, and disbursements against Brakke for failure to comply with the discovery requests. A hearing on that motion was also scheduled for January 25 in conjunction with Vogel's motion to withdraw as counsel.

On January 25, Brakke filed a "counterclaim" against, among others, Dakota Bank, Dakota Bank's attorney, various bank officials, and Vogel. On the same day, Brakke filed a document with the clerk of court entitled "Order For Summary Judgment" and signed "Honorable Chester Brakke, in propria persona." This document purported to grant Brakke summary judgment for $859,179.20 on his "counterclaim" against the defendants.

Brakke did not file a response to Dakota Bank's motion to compel discovery and Vogel's motion to withdraw as counsel, and he did not appear at the January 25 hearing. The district court found that the documents filed by Brakke on January 25 did not comply with the North Dakota Rules of Civil Procedure; that Brakke did not request leave of court, nor was leave granted him, to amend the pleadings to expand the scope of the action to include the type of proceeding envisioned by him; that Brakke did not attempt to comply with the rules of procedure for third-party actions or proper service of documents; and that Brakke's documents purported to commence an action which was "spurious, frivolous, malicious, scandalous and without any merit whatsoever," and did not require a response by the third-party defendants.

The court ordered that Brakke not file any future pleadings with the court unless they were signed by a licensed attorney. However, the court exempted from that restriction any documents in response to the original action commenced by Dakota Bank. The court also ordered that Brakke not file any new proceedings or counterclaims without leave of court. The court also issued an order permitting Vogel to withdraw as counsel for Brakke, and he proceeded pro se until oral argument before this Court. However, the lower court did not rule on Dakota Bank's motion to compel discovery and reset the hearing on that motion for February 20, 1985, so that Brakke could obtain new counsel.

Dakota Bank subsequently served Brakke with an amended notice of hearing, and on February 7, Dakota Bank filed a motion for summary judgment, based on its unanswered requests for admission. A hearing on that motion was also scheduled for February 20.

On February 13, Brakke filed a letter with the clerk of the district court purporting to cancel the February 20 hearing because of the summary judgment order signed by him, and on February 14, he filed a notice of lis pendens with regard to the property owned by the defendants named in his "counterclaim."

The February 20 hearing was held, and Brakke did not appear or file objections or responses to the motions. The district court found that Brakke had failed to respond to the discovery requests; that Brakke had been given time to secure substitute counsel; that Brakke's prior counsel had diligently attempted to have Brakke comply with the discovery requests; and that Brakke's failure to respond to the discovery requests was willful. The court

ordered that Dakota Bank's request for admissions be deemed admitted and that, on that basis, Dakota Bank had met its burden of proof with regard to its motion for summary judgment. However, the court also struck Brakke's answer and other pleadings and ordered default judgment in favor of Dakota Bank under Rule 37, N.D.R.Civ.P. Judgment was entered, and Brakke appealed.

Brakke asserts that, given the factual circumstances of this case, the district court abused its discretion in imposing the ultimate sanction of default. Brakke also argues that that sanction should not have been imposed without a prior order of the court.

■ The default judgment was entered as a discovery sanction under Rule 37, N.D.R.Civ.P., which is patterned after Rule 37, F.R.Civ.P., and provides the court with a broad spectrum of sanctions for abuses of the discovery process. The court has broad discretion to impose an appropriate sanction for discovery abuses, and its decision will not be set aside on appeal unless there is an abuse of discretion. *Thompson v. Ziebarth*, 334 N.W.2d 192 (N.D.1983); *St. Aubbin v. Nelson*, 329 N.W.2d 874 (N.D.1983). We have said that a court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Wall v. Penn. Life Ins. Co.*, 274 N.W.2d 208 (N.D.1979).

Rule 37, N.D.R.Civ.P., has two distinct provisions for discovery sanctions. If discovery responses are made but are inadequate, the party seeking discovery must apply to the court for an order to compel discovery and sanctions cannot be invoked until that order is disobeyed. Rule 37(a) and (b), N.D.R.Civ.P.[1] If a party does not

---

**1.** Rule 37(b)(2)(C), N.D.R.Civ.P., provides in pertinent part:

"(b) *Failure to Comply with Order.*

\*     \*     \*     \*     \*     \*

"(2) *Sanctions by Court in which Action is Pending.* If a party ... fails to obey an order to provide or permit discovery, ... or if a party fails to obey an order entered under Rule 26(f), the court in which the action is

pending may make such orders in regard to the failure that are just, and among others the following:

\*     \*     \*     \*     \*     \*

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or

appear for a properly noticed deposition, does not answer or object to interrogatories properly served, or does not make a written response to a proper request for production or inspection, the court may impose sanctions directly without first issuing an order to compel discovery. Rule 37(d), N.D.R.Civ.P.[2] *See* 4A Moore's Federal Practice ¶ 37.05; 8 Wright and Miller, Federal Practice and Procedure, § 2291; *Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600 (7th Cir.1981); *Robison v. Transamerica Insurance Co.*, 368 F.2d 37 (10th Cir. 1966).[3]

■ When Dakota Bank's motion was heard on February 20, 1985, Brakke had not responded to the interrogatories and the court was justified in imposing sanctions immediately under Rule 37(d), N.D.R. Civ.P. However, we must also consider the propriety of the sanction imposed by the court.

■ In *Thompson v. Ziebarth, supra,* we said that the harsh sanction of dismissal of an action or entry of a default judgment for discovery abuse generally should be imposed only if there is a deliberate or bad faith noncompliance with a discovery order or request which constitutes a flagrant abuse of, or disregard for, the discovery rules. *See National Hockey League v.*

*Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, *reh'g denied*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). Sanctions for discovery abuses should be tailored to the severity of the misconduct, and dismissal of an action or default judgment should be used sparingly and only in extreme situations and should not be used if an alternative, less drastic sanction is available and just as effective. *See Thompson v. Ziebarth, supra; St. Aubbin v. Nelson, supra.* However, the most severe sanctions must be available not only to penalize those whose conduct is deemed to warrant those sanctions, but to deter those who might be tempted to abuse the discovery process. *National Hockey League v. Metropolitan Hockey Club, supra.* Although the law favors resolving disputes on the merits, that consideration must be balanced against the need to deter discovery abuses and promote efficient litigation and to protect the interest of all litigants. *St. Aubbin v. Nelson, supra.*

In *Thompson v. Ziebarth, supra,* this Court reversed a district court's dismissal of a lawsuit as a sanction for failure to make discovery. In that case the plaintiffs filed responses in opposition to the defendant's request for discovery sanctions and offered explanations for the alleged discovery abuses which were based on such

rendering a judgment by default against the disobedient party; ..."

**2.** Rule 37(d), N.D.R.Civ.P., provides:

*"(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.* If a party or an officer, director, superintendent, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails:
(1) to appear before the officer who is to take his deposition, after being served with a proper notice;
(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories;
(3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request,
"the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it

may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2). In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

**3.** We have said many times that where there is no significant deviation between our rule and the federal rule, the federal courts' interpretation of the federal rule is entitled to appreciable weight in interpreting and construing our rules. *E.g., Larson v. Unlimited Business Exchange of North Dakota*, 330 N.W.2d 518 (N.D.1983).

things as notification problems and conflicting commitments rather than a willful disregard for the discovery rules. We concluded that the plaintiff's conduct was not willful. In *St. Aubbin v. Nelson, supra,* this Court affirmed a district court's dismissal of a lawsuit as a sanction for failure to make discovery. In that case the plaintiffs failed to respond to interrogatories, to the defendant's motion for discovery sanctions, and to a district court's order to answer interrogatories and pay costs within ten days or have their lawsuit dismissed with prejudice. The plaintiffs offered no explanation for their conduct, and we concluded that their conduct was willful.

In the instant case, Brakke's conduct is distinguishable from the plaintiff's conduct in *Thompson v. Ziebarth, supra,* and is more flagrant than the plaintiffs' conduct in *St. Aubbin v. Nelson, supra.* Brakke did not respond to the motion to compel discovery or appear at the hearing on the motion on January 25, and instead filed a document purporting to grant him a summary judgment in the amount of $859,-179.20 against Dakota Bank and the other defendants named in his counterclaim. The hearing on the motion to compel discovery was reset for February 20 so Brakke could obtain counsel, and he again had the opportunity to appear and present evidence to justify his conduct. Brakke was then served with an amended notice of hearing on the requests for discovery sanctions and a motion for summary judgment which was also scheduled to be heard on the same date. However, he chose not to appear at the hearing or respond to the discovery requests, requests for sanctions, or motion for summary judgment and even filed a document purporting to cancel the hearing and a notice of lis pendens. He offered no explanation for his conduct. *Compare Thompson v. Ziebarth, supra,* and *St. Aubbin v. Nelson, supra.*

■ Brakke apparently refused to answer the interrogatories because he be-

lieved they invaded his "privacy." However, he did not follow the procedures available to bring his objections to the court's attention, either by seeking a protective order or responding to Dakota Bank's motion to compel discovery and requests for admission. Dakota Bank's motion to compel discovery requested the court to impose sanctions against Brakke for failure to provide the requested discovery, including an award of attorney's fees, costs and disbursements as may be allowed in the court's discretion. Dakota Bank's initial request for sanctions was made before Brakke filed his counterclaim, order for summary judgment, notice of lis pendens, and document purporting to cancel the February 20th hearing and did not specifically seek a default judgment. However, the sanctions available under Rule 37, N.D.R. Civ.P., include judgment by default and may not be modified merely because Brakke was proceeding pro se at that time.[4] We also note that Dakota Bank's motion for summary judgment was heard in conjunction with Dakota Bank's request for sanctions, and, at the time of that hearing, Brakke had notice that summary judgment was being sought against him. The trial court ordered that Dakota Bank's request for admissions be deemed admitted and, on that basis, Dakota Bank had met its burden of proof with regard to its motion for summary judgment. Brakke was also warned by attorney Vogel that failure to respond to the discovery requests might result in judgment against him.

The lower court found that Brakke's failure to respond to the discovery request was willful and that it would not be necessary or expedient to extend the time for him to provide discovery responses. That finding is abundantly supported by the record and contradicts any inference of accidental oversight or misunderstanding on Brakke's part. In evaluating Brakke's conduct in this case, we also cannot overlook his "counterclaim," "order for summary

---

4. We have said many times that rules or statutes should not be modified or applied differently merely because a party not learned in the law is proceeding pro se. *E.g., State v. Faul,* 300 N.W.2d 827 (N.D.1980).

judgment," notice of lis pendens, his document purporting to cancel the February 20th hearing, and his failure to appear and present evidence to justify his conduct.

■ We recognize that the severe sanction imposed in this case should be used sparingly and only in extreme situations, and the desirability of using a less drastic sanction such as a deadline with an automatic imposition of a sanction so that the parties may be apprised of the alternatives for noncompliance. *See Sudheimer v. Sudheimer,* 372 N.W.2d 792 (Minn.App.1985); *St. Aubbin v. Nelson, supra.* However, we are also cognizant of the nature of Brakke's abuses of the discovery process and his failure to appear or present evidence to explain his conduct. Based on the entire record of Brakke's conduct in this case, we do not believe that the lower court acted arbitrarily, unreasonably, or unconscionably in striking Brakke's pleadings and ordering a default judgment. We conclude that the lower court did not abuse its discretion in ordering the ultimate sanction of default judgment.

■ Brakke also contends that the district court failed to allow him access to the courts pursuant to the Bill of Rights under the North Dakota Constitution [5] because the lower court's January 31 order deprived him of his defenses to Dakota Bank's action against him. The lower court's January 31 order provided, in part, as follows:

"5. That the restriction against filings imposed against the Defendant Chester Brakke in this Order shall not restrict the Defendant from filing documents in response to the original action presented by the Plaintiff against Defendant Chester Brakke, but the Court specifically limits such filings to those necessary to respond to the action brought by the Plaintiff and shall not include any documents in which Defendant Brakke attempts to institute proceedings against persons not subject to this action, nor to institute any counterclaim or suit against the Plaintiff or other persons without first obtaining leave of court."

The above-quoted language specifically allowed Brakke to file papers in response to Dakota Bank's pending action. Brakke cannot be heard to justify his misconduct on the basis of a self-inflicted misunderstanding of the court's order. In any event, Brakke did not attempt to bring any "misunderstanding" to the attention of the court. The court also specifically stated that any attempt to bring in third parties or assert counterclaims could not be done without leave of the court, which is required by Rules 14(a) and 13(f), N.D.R. Civ.P. The lower court's order did not prevent Brakke from filing any additional papers but merely required him to follow the existing rules of procedure.

We conclude the January 31 order did not deprive Brakke of access to the court but merely ordered him to respond within the framework of our procedural rules.

■ Dakota Bank asserts that Brakke's appeal is frivolous and requests this court to award damages pursuant to Rule 38, N.D.R.App.P. We do not believe the appeal is frivolous, and we deny Dakota Bank's request.

For reasons stated herein, the district court judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and LEVINE, JJ., concur.

MESCHKE, Justice, concurring specially.

On oral argument to this Court, Mr. Brakke was represented by counsel. The focus of oral argument was on the appropriateness of imposing the ultimate sanc-

---

**5.** Brakke cites Article I, Section 9 of the North Dakota Constitution which provides, as follows:

"*Section 9.* All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct."

tion of default without specific prior notice or order.

N.D.R.Civ.P. Rule 37(d) says the court "may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2)" against a party who fails to serve answers to interrogatories. N.D.R.Civ.P. Rule 37(b)(2)(C) includes "rendering a judgment by default against the disobedient party." But, this is not just a tool to be used at will. Rather, it is the extreme sanction for outrageous conduct, where other available sanctions have been ineffective to obtain discovery compliance. See, for example, *Bell v. Inland Mutual Insurance Company*, 332 S.E.2d 127 (W.Va. 1985).

In this case, default was the only sanction used. The sanction of default was not identified in the motion as the sanction sought. It was argued in this Court, with merit, that Rule 7(b), N.D.R.Civ.P., requires that a motion for sanctions "shall set forth the relief or order sought."

Rule 55(a)(3), N.D.R.Civ.P., provides: "If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least 8 days prior to the hearing on such application." [Note that the North Dakota Rules of Civil Procedure, as published in the 1984 Desk Copy of North Dakota Court Rules (1983 West Publishing Co.) at page 115, makes specific cross-reference to Rule 37 following Rule 55.] No such written application for judgment with 8 days notice was served here.

The extreme sanction of default judgment simply should not be applied to any discovery failure without a specific motion and 8 days notice. Of course, alternatively, a court may issue the frequently used conditional order setting a time comparable or longer for correcting the discovery failure and providing for the sanction (including default in an appropriately egregious instance) if there is a failure to properly act within the time allowed. *See Bell v. Inland Mutual Insurance Company, supra.*

Either way, a specific hearing should be held before entering default judgment.

Even here, where there was clear evidence of willful conduct, not only in failing to properly respond to discovery but also in violation of another order of the court, the ultimate sanction of default (which completely forecloses examination of the merits) should not have been applied so abruptly. Contempt proceedings were available to enforce the court's other order, as well as to seek compliance with any order which the trial court may have entered as to discovery. Rule 37(b)(2)(D), N.D.R.Civ.P. The problem in this case is that the trial court did not enter any order relating to discovery prior to granting default judgment as a discovery sanction and did not hold a specific hearing on entry of a default judgment. If these were the only circumstances in this case, I would deem the entry of this default judgment an abuse of discretion.

However, Brakke was also faced with a motion for summary judgment at the February 20 hearing. The trial court correctly found that Dakota Bank's request for admissions were deemed admitted. "The matter is admitted unless" written answer or objection is properly made; Rule 36(a), N.D.R.Civ.P. "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b), N.D.R.Civ.P. Thus, the sanction of admission of requests for admission is imposed by Rule 36 itself, not by any order of the trial court.

Rule 56(e) N.D.R.Civ.P. clearly spells out the consequences of failing to respond to a properly supported motion for summary judgment:

> "If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Brakke failed to respond. The trial court found that Dakota Bank had met its burden of proof and was entitled to summary judgment. It is only on this alternative basis that I would affirm the judgment entered.

For some unexplained reason, the trial court chose to enter judgment by default, rather than summary judgment, although the court concluded that Dakota Bank was entitled to both. It would be idle to remand for entry of this judgment on the proper ground. We should keep in mind "the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved;" *Von Poppenheim v. Portland Boxing & Wrestling Commission,* 442 F.2d 1047, 1054 (9th Cir.1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). Therefore, I concur that the district court judgment should be affirmed.