PRODUCTION CREDIT ASSOCIATION
OF FARGO, North Dakota, a
corporation, Plaintiff and Appellee,

v.

Dwight A. FOSS and Nellie J. Foss,
Defendants and Appellants.

Civ. No. 11115.

Supreme Court of North Dakota.

July 23, 1986.

Serkland, Lundberg, Erickson, Marcil & McLean, Fargo, for plaintiff and appellee; argued by Brad A. Sinclair; appearance by Paul F. Richard.

Sortland Law Office, Fargo, and Milloy & Graham, Brainerd, Minn., for defendants and appellants; argued by Paul A. Sortland.

LEVINE, Justice.

Dwight A. and Nellie J. Foss appeal from a district court judgment granting Production Credit Association of Fargo (PCA) summary judgment on its complaint and dismissing the Fosses' answer and counterclaim and from an order denying the Fosses' motion for relief from the judgment. We affirm.

PCA and the Fosses entered into several loan agreements to finance the Fosses' farming operation. As security for the loan agreements the Fosses granted PCA a security interest in their farm equipment and implements, 80 shares of American Crystal Sugar Company stock, all proceeds from sugar beets, and all motor vehicles. The parties executed a real estate mortgage covering 552 acres of land as additional security for the loans. The Fosses also assigned PCA all sugar beet contract payments from their sale of sugar beets to American Crystal.

The Fosses defaulted on the loans, and PCA commenced the instant action to foreclose on its personal property lien and real estate mortgage. PCA's complaint also stated that it would seek a deficiency judgment for any amount due and owing after the sale of the real estate and liquidation of personal property. The Fosses, appearing pro se, answered, raising numerous defenses.[1] They also counterclaimed.[2]

PCA deposed the Fosses and served them with interrogatories, requests for production of documents, and requests for admissions. After the Fosses responded, PCA moved for summary judgment on its complaint and summary judgment dismissal of the Fosses' answer and counterclaim. PCA's motion was based upon the pleadings, the discovery information filed with the court, and the affidavit of the manager of the Hillsboro branch of PCA, Merril Knodle. The Fosses did not file responses or counter-affidavits to PCA's motion.

After a hearing at which the Fosses appeared, the district court granted PCA's motion for summary judgment on its complaint. The district court also dismissed the Fosses' answer and counterclaim pursuant to Rules 12, 36, 37, and 56, N.D.R. Civ.P. The district court concluded that the Fosses' answer and counterclaim failed to state a claim or defense upon which relief could be granted; that the Fosses had willfully failed to comply with PCA's discovery requests; and that PCA's requests for admissions were deemed admitted because the Fosses had given evasive or incomplete responses. Thereafter, the Fosses filed a motion for relief from the judgment pursuant to Rule 60, N.D.R. Civ.P. The district court entered an order denying that motion, and the Fosses have

---

1. The defenses raised by the Fosses included that PCA had violated Section 35–05–04, N.D.C.C., the Farm Credit Act of 1971 (12 U.S.C. § 2001 et seq.), federal and state security laws, the Federal Truth in Lending Act, and 15 U.S.C. § 78(h); that the loan agreement was an adhesion contract; and that PCA was not a federal corporation or a state corporation.

2. The counterclaim included allegations that PCA was not a corporation created by Federal or state law; that PCA's security agreement attempted to create a security interest in crops and other personal property in violation of Section 35–05–04, N.D.C.C.; that PCA violated federal and state securities laws, and was guilty of "stock fraud;" that PCA transferred pledged collateral without the Fosses' knowledge or consent in violation of 15 U.S.C. § 78h; that PCA was guilty of other fraudulent practices; that PCA never provided a meaningful disclosure of the terms of credit received and the costs thereof as required by the Federal Truth in Lending Act; and that PCA breached certain fiduciary duties to the Fosses.

appealed from the judgment and that order.

The Fosses contend that the trial court improperly dismissed their answer and counterclaim as a discovery sanction.

A court has broad discretion to impose appropriate sanctions for discovery abuses, and its decision will not be overturned on appeal absent an abuse of discretion. *Dakota Bank & Trust Co. of Fargo v. Brakke*, 377 N.W.2d 553 (N.D.1985). We have defined an abuse of discretion as arbitrary, unreasonable, or unconscionable conduct. *Wall v. Penn. Life Ins. Co.*, 274 N.W.2d 208 (N.D.1979). Dismissal of a claim as a sanction for discovery abuse should be imposed only if there is a deliberate or bad faith non-compliance with a discovery order or request which constitutes a flagrant abuse of, or disregard for, the discovery rules and should not be used if an alternative less drastic sanction is available and just as effective. *Dakota Bank & Trust Co. of Fargo v. Brakke, supra.*

In *Dakota Bank & Trust Co. v. Brakke, supra*, 377 N.W.2d at 555, we pointed out that, pursuant to Rule 37, N.D. R.Civ.P., if a party's discovery responses are inadequate, the party seeking discovery must apply to the court for an order to compel discovery and sanctions cannot be invoked until that order is disobeyed. In the instant case, the Fosses did respond to PCA's discovery requests; however, those responses were inadequate. The record does not include an order compelling discovery and the off-the-record admonishment by the judge at Nellie Foss' deposition is insufficient to satisfy the necessity of an order compelling discovery. We conclude that the district court abused its discretion in dismissing the Fosses' answer and counterclaim as a discovery sanction.

Furthermore, it was the egregiousness of the conduct in *Dakota Bank & Trust*

Co. v. Brakke, supra, that justified the harsh sanction of dismissal. In the *Brakke* case, not only did Brakke fail to comply with discovery requests, he also failed to appear at hearings and filed a number of false documents including a document entitled "Order For Summary Judgment" signed "Honorable Chester Brakke, in propria persona" which purported to grant him summary judgment for $859,000, and a letter purporting to cancel a hearing. While the Fosses' answers to depositions were evasive and inadequate, they indicate an unfamiliarity with the purpose of depositions rather than the flagrant disregard of process and rules exemplified by Brakke. Therefore, we believe that the circumstances called for a less drastic sanction than dismissal.

However, the district court also dismissed the Fosses' answer and counterclaim pursuant to Rules 12 and 56, N.D.R. Civ.P. In reaching its decision, the district court relied upon matters outside the pleadings thereby treating the motion as one for summary judgment. Rule 12(b), N.D.R. Civ.P.

Summary judgment is a procedural device available for the prompt and expeditious disposition of a legal conflict on its merits, without a trial, if there is no dispute as to material facts or inferences to be drawn therefrom, or whenever only a question of law is involved. *Gowin v. Hazen Memorial Hosp. Ass'n*, 349 N.W.2d 4 (N.D. 1984).

The Fosses contend that allegations raised by them established that genuine issues of material fact exist which preclude summary judgment. (*See* fn. 1 and 2.)

In *First National Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D.1983), we outlined the obligation of a party opposing a motion for summary judgment: [3]

---

**3.** In *Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court recently stated that the plain language of F.R.Civ.P. 56(c), requires the entry of summary judgment, after adequate time for discovery and upon motion, against a

party who fails to establish the existence of a factual dispute as to an essential element to that case and on which that party will bear the burden of proof at trial. The court stated that a party moving for summary judgment bears the initial responsibility of informing the district

"A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, NDRCivP 56(e); *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68 (N.D. 1981); and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

"In summary judgment proceedings the trial court has no legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment. This principle and legal concept applies equally well, or more so, to appellate proceedings involving an appeal from the granting of a summary judgment for the further reason that the appellate court, except for jurisdictional matters and taking judicial notice, generally considers only those issues raised in the trial court."

In the instant case, PCA submitted Knodle's affidavit with attached loan documents in support of its motion for summary judgment. Knodle's affidavit which stated that, as of November 12, 1985, the Fosses owed PCA $147,647.30 in principal, interest and costs, was sufficient to establish its claim. *See Hoops v. Selid,* 379 N.W.2d 270 (N.D.1985). The Fosses did not file a response to PCA's motion or serve counter-affidavits. Neither did the Fosses direct the court's attention to specific portions of depositions or other responses to discovery so as to provide any factual support for the allegations in their answer and counterclaim. We conclude that the Fosses have failed to raise any genuine issues of material fact as to those allegations.

The Fosses also contend that the Basic Loan Agreement was unenforceable because its repayment schedule was so indefinite, uncertain, and ambiguous that a contract did not exist between the parties.

PCA asserts that the Supplemental Loan Agreements executed by the Fosses set out the outstanding principal balance that the Fosses owed PCA, the amount of repayment, the dates of repayment, and the interest rate charged on the outstanding balance. PCA asserts that the Supplementary Loan Agreements did not implement the repayment schedule contained in the Basic Loan Agreement, and were thus definite and certain.

 The construction of a written contract to determine its legal effect is a question of law for the court to determine. *Oakes Farming Association v. Martinson Bros.,* 318 N.W.2d 897 (N.D.1982). Documents executed as part of the same transaction are to be construed together. *Evenson v. Hlebechuk,* 305 N.W.2d 13 (N.D. 1981). Whether or not a contract is ambiguous is a question of law. Section 9–07–04, N.D.C.C.; *Oakes Farming Association v. Martinson Bros., supra.* If the executed documents are unambiguous, parol evidence is not admissible to contradict the terms of the written agreement. *Evenson v. Hlebechuk, supra.*

 In the instant case, we agree with the trial court that the Supplementary Loan Agreements are clear and unambiguous and set out a definite repayment schedule. The Supplementary Loan Agreements eliminated any ambiguity in the re-

court of the basis for its motion and identifying those portions of documents which it believes demonstrate the absence of a genuine issue of material fact; however, a moving party is not required to support its motion for summary judgment with materials negating its opponent's assertions.

We also note that in *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court held that, in ruling on a motion for summary judgment, the trial court's inquiry necessarily implicates the substantive evidentiary standard of proof to be used at the trial on the merits. Thus, the Court held that, in a libel action, the *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), requirement of proof by clear and convincing evidence to establish actual malice must be considered on a motion for summary judgment.

payment provisions of the Basic Loan Agreement, and the district court properly granted summary judgment on this issue.

■ The Fosses also contend that North Dakota's anti-deficiency judgment statutes require PCA to first foreclose on its real property mortgage and establish a deficiency and then satisfy any deficiency by foreclosing on personal property. The Fosses rely on *H & F Hogs v. Huwe,* 368 N.W.2d 553 (N.D.1985); *Mischel v. Austin,* 374 N.W.2d 599 (N.D.1985); *McKee v. Kinev,* 160 N.W.2d 97 (N.D.1968). However, those cases involved only mortgages on real property whereas the instant case involves a mortgage on real property and a security agreement in personal property.

In *State Bank of Towner v. Hansen,* 302 N.W.2d 760, 764 (N.D.1981), a case involving real and personal property, we said:

"We construe this subsection [Section 41–09–47(4), N.D.C.C., (9–501(4), U.C.C.)] as providing a secured creditor, whose security encompasses both real and personal property, with the option of proceeding against all collateral in a single action providing that he does so in accordance with his rights and remedies accorded by the real property laws. However, we do not construe this subsection to prohibit a secured creditor from commencing separate actions to proceed independently against the personal property collateral and the real property collateral. If the secured creditor chooses to proceed in separate actions the default provisions of the Uniform Commercial Code apply with regard to the personal property collateral. Accordingly, we conclude that the provisions of Article 9 of the Uniform Commercial Code (Chapter 41–09, N.D.C.C.) apply with regard to Towner's proceedings against the personal property collateral."

*See also Northern Trust Co. v. Buckeye Petroleum Co., Inc.,* 389 N.W.2d 616 (N.D. 1986).

In the instant action, PCA sought to foreclose on both the real and personal property and requested that it be permitted to seek a deficiency judgment against the Fosses in a separate action after it foreclosed its real and personal property liens. The judgment rendered in this case provides that PCA may seek a deficiency judgment in a separate action and complies with North Dakota's anti-deficiency judgment statutes in so far as this action is concerned. We conclude that PCA has complied with the anti-deficiency statutes and the trial court properly granted summary judgment on this issue.

■ The Fosses also contend that the security agreement violated Section 35–05–04, N.D.C.C., because it covered specific crops as well as other personal property. PCA counters that its security interest was not in a specific crop but was in American Crystal's sugar beet contract payments to the Fosses.

Section 35–05–04, N.D.C.C., provides:

"*35–05–04. Security agreement not to include other personal property.* A security agreement covering specific crops is not valid to create a security interest therein, nor entitled to be filed in the office of the register of deeds, if the security agreement contains any provision by which a security interest is claimed in any other personal property."

The security agreement covered:

"All farm equipment and implements now owned or hereafter acquired including accessions to and spare and repair parts and replacement equipment.

"80 shares of American Crystal Sugar Company Stock represented by certificate numbers 3349, 3843 and 182. All proceeds from sugar beets."

The Fosses executed a notice and assignment to PCA of their 80 shares of preferred stock in American Crystal, and Dwight Foss executed an assignment of his sugar beet contract payments to PCA. PCA's security interest was in "[a]ll proceeds from sugar beets" which was the Fosses' right to receive sugar beet contract payments from American Crystal and not in specific crops. Therefore, we conclude that Section 35–05–04, N.D.C.C., was not applicable to the instant action.

The Fosses also contend that the trial court erred in denying their motion for relief from the judgment pursuant to Rule 60(b)(vi), N.D.R.Civ.P. Their motion raised arguments concerning Section 35–05–04, N.D.C.C.; the ambiguity of the Basic Loan Agreement; the anti-deficiency judgment statutes; and the existence of factual issues prohibiting summary judgment. The Fosses' motion was, in substance, a motion to alter or amend the judgment pursuant to Rule 59(j), N.D.R.Civ.P. Such a motion is addressed to the discretion of the district court and will not be overturned on appeal absent an abuse of discretion. *Zundel v. Zundel*, 278 N.W.2d 123 (N.D.1979). We conclude that the district court did not abuse its discretion in denying their motion.

Accordingly, we affirm the judgment and order.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ.