BOWBELLS PUBLIC SCHOOL DISTRICT NO. 14, BOWBELLS, North Dakota, a political subdivision of the State of North Dakota, Plaintiff-Appellee,

v.

Marcia WALKER, Defendant-Appellant.

Civ. No. 9078.

Supreme Court of North Dakota.

April 30, 1975.

Rehearing Denied June 24, 1975.

Daniel J. Chapman, Bismarck, for defendant-appellant.

Bert L. Wilson, Jr., Wilson & Boyum, Bowbells, for plaintiff-appellee.

PAULSON, Judge.

This is an appeal from a judgment in which we are to determine the validity of a contract clause providing for the payment of a fixed amount of damages by Marcia Walker, a married teacher, who breached her employment contract with Bowbells Public School District No. 14.

The Grand Forks District Court found that Mrs. Walker breached her employment contract with the Bowbells Public School District No. 14. The court also found that the employment contract contained a valid liquidated-damages provision, and, on that basis, ordered Mrs. Walker to pay to the school district the sum stipulated in the contract as damages. On December 16, 1974, judgment was entered for the school district in the amount of $252, plus costs and disbursements. It is from this judgment that Mrs. Walker appeals.

The parties to this action have stipulated to the following facts:

"a. The defendant [Marcia Walker] was an employee of the plaintiff [school district] during the 1972–1973 school year which began in September of 1972.

"b. In September of 1972 the defendant joined the Bowbells Education Associa-

tion, the North Dakota Education Association and the National Education Association by paying her yearly dues.

"c. In order to negotiate contract terms for the 1973–1974 school year the plaintiff and the Bowbells Education Association each chose negotiating committees to represent them at the contract negotiation meetings. These meetings began early in 1973.

"d. The negotiation committee of the Bowbells Education Association was given the power by the association members to make binding agreements with the plaintiff.

"e. During their January 10, 1973 meeting the negotiation committees agreed that a release from a signed contract could be granted until May 15 at no expense to the teacher; 1% of the contracted amount [after May 15; 2%] after June 15; 3% after July 15; and 4% after August 15.

"f. The defendant signed a contract to teach for the plaintiff during the 1973–1974 school year. The contract is dated March 23, 1973.

"g. The defendant contracted to teach for 180 days beginning on September 1, 1973. She was to receive $6300.

"h. On August 19, 1973, the defendant asked the Superintendent of the Bowbells School District to be released from her March 23, 1973 contract as her husband was moving from the area and she wanted to go with him.

"i. In a letter to the plaintiff dated August 26, 1973 the defendant stated she would not be able to remain at Bowbells and asked for her release.

"j. On August 30, 1973, after finding a replacement, the plaintiff released the defendant from her contract and requested that she pay the damages in accordance with the agreement between the plaintiff and the Bowbells Education Association. The defendant has not paid."

■ The principal question is whether the fixed-damages provision of the contract, as outlined in paragraph "e" of the stipulated facts, constitutes a valid liquidated-damages clause or whether it is void, as constituting a penalty, under § 9–08–04, N.D. C.C., which provides:

"*Fixing damages for breach void—Exception.*—Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon an amount presumed to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage."

It is Mrs. Walker's contention that the contract clause in question comes within the proscription of § 9–08–04, N.D.C.C., and is, therefore, void. The school district maintains that the damages occasioned by Mrs. Walker's breach of contract are extremely difficult to ascertain and, thus, the clause in question is valid as an exception to the statutory prohibition. We hold that the contract clause providing for fixed damages is valid and we affirm the decision of the district court.

■ Pursuant to § 9–08–04, N.D.C.C., our primary consideration is whether the damages stemming from a particular breach of contract are "impracticable" or "extremely difficult" to ascertain—a prerequisite to the use of a fixed-damage provision. The determination of this issue necessarily depends upon the facts of each particular case and in making this determination, we must look at the facts of each case as they appeared to the parties at the time the contract was made. Hofer v. W. M. Scott Livestock Company, 201 N.W.2d 410 (N.D. 1972).

■ We recognize, initially, that in cases where an employee has breached an employment contract, the damages generally recoverable and, thus, properly anticipated, are limited to the costs of replacing the

employee. We are not unmindful of the fact that this is a public contract and that it is the public as a whole that suffers when such a contract is breached. In this respect, this case is not unlike those cases in which a governmental body liquidates the amount of damages it may recover for a delay in the performance of a public construction contract. Although the damages suffered by the governmental body itself may be readily ascertainable, the damages sustained by the public are not readily ascertainable, and, on such basis, liquidated-damages provisions are generally upheld, even in States having statutes similar to § 9–08–04, N.D.C.C. See, e. g., Dave Gustafson & Co. v. State, 83 S.D. 160, 156 N.W.2d 185 (1968); Six Companies of California v. Joint Highway Dist. No. 13 of California, 110 F.2d 620 (9th Cir. 1940), rev'd on other grounds in 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114.

The courts have recognized that the actual loss is suffered by the public for whose benefit such contracts are made and that because of the extreme difficulty in ascertaining this public loss, liquidated-damages provisions in those cases are properly enforced.

Although we have not previously decided this issue, we indicated in Hofer, supra 201 N.W.2d at 416, that:

"There may be circumstances involved in public contracts and other laws relating to public contracts that justify a more liberal treatment of forfeiture clauses in public contract cases."

These words from Hofer indicate an awareness of the issue with which we are presently confronted. Thus, when we consider the damages caused by a teacher's breach of an employment contract, we cannot ignore the interruption to the school system and the resultant debilitating effect such interruption has upon the learning process of students in the school system. The possibility that the replacement teacher who was obtained may be less experienced or less qualified and, thus, a less effective

instructor must also be considered in the assessment of damages. It would not be possible at the time of contracting to foresee all these elements of damage that may occur. Even if known, it would be extremely difficult to evaluate these damages on a monetary basis. These losses to the public are no less the proper subject of a liquidated-damage provision than are the losses sustained by the public in delay-of-performance situations. In either case, the damage to the public is real, although most difficult to evaluate. Such damages are not legally compensable but constitute a public injury which the school district was entitled to consider. For these reasons we find that the present case falls within the exception of § 9–08–04, N.D.C.C.

■■ A contract provision, to be upheld as a valid liquidated-damages clause, must not only meet the statutory requirement of § 9–08–04, N.D.C.C., but also must fulfill the requirements imposed by case law. In Hofer, supra, in paragraph 2 of the syllabus, we delineated these requirements:

"Under South Dakota law a provision for payment of a stipulated sum as a liquidation of damages will be sustained if it appears that at the time the contract was made the damages in the event of a breach will be incapable or very difficult of accurate estimation, that there was a reasonable endeavor by the parties to fix their compensation, and that the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated."

Although in Hofer we were construing South Dakota law, the South Dakota statutes are similar to § 9–08–04, N.D.C.C. We find the rationale of that case in accord with § 9–08–04, N.D.C.C., and, accordingly, adopt Hofer as a proper construction of such section.

Hofer requires, in addition to the statutory requisite, that there be a reasonable endeavor by the parties to fix their compensation and that the amount stipulated bears a

reasonable relationship, and is not disproportionate to, any anticipated damages.

 It is argued by Mrs. Walker that there was no endeavor to fix compensation in this case, as evidenced by the fact that the same liquidated-damages provision was used in all teacher employment contracts, regardless of differences in individual characteristics of the teachers. We do not find that the inclusion of a standard liquidated-damages clause in more than one contract is necessarily incompatible with a reasonable endeavor to pre-determine compensatory damages. The law requires only that the purpose of the clause be primarily to pre-determine damages, as opposed to imposing a penalty for breach. In this regard, it is to be noted that the liquidated-damages provision under consideration is graduated, i. e., it provides for progressively larger payments for breach of the contract as the time for commencing the school term approaches. We recognized in *Hofer* that this factor indicates a bona fide attempt to pre-determine damages. It is reasonable to estimate that it will be more difficult and more costly to replace a teacher who breaches a contract during the school term or shortly before it commences than to replace one who breaches shortly after the contract is signed. The fact that this provision is contained in more than one employment contract does not render it any less an endeavor to fix damages. Furthermore, the argument that the provision in question was intended as an insurance of performance is weakened when one considers § 15–47–28, N.D.C.C., which provides:

> "*Suspension of teacher's certificate for breach of contract.*—In the event of breach of contract on the part of a teacher, the superintendent of public instruction shall suspend such teacher's certificate for a period not to exceed one year, during which time it shall be unlawful for such teacher to receive payment for teaching in the public schools of North Dakota."

It may be seen that § 15–47–28, N.D.C.C., imposes a severe penalty upon a teacher for breach of contract. In light of the provisions of § 15–47–28, it is not persuasive to argue that the school district intended to insure performance by the imposition of what would be a much lesser penalty.

 The second requirement of *Hofer* is that the amount of stipulated damages must bear a reasonable relationship to the damages that may be expected to result from a breach. In the instant case the amount of damages was fixed at 4 percent of Mrs. Walker's salary, or $252. When one considers the damages that may be caused by a breach, the dollar amount in this case is reasonable. Although we do not wish to imply that this factor is to be determined with mathematical preciseness, we do note that the percentage in this case is much smaller than the 14½ percent rate that was declared void in *Hofer*. After applying the guidelines of Hofer, and § 9–08–04, N.D. C.C., and after considering the facts of this particular case, we conclude that the contract clause in question is valid.

 We turn now to two secondary arguments urged by Mrs. Walker. The first is that the school district "released" Mrs. Walker and that there was, therefore, no breach of contract. There was no release in this case, as that word is used in its legal sense. The school district treated Mrs. Walker's actions as a breach of her teacher's contract. Her release was subject to the payment of the liquidated damages as required by her contract; thus, this argument is not persuasive.

 The second contention by Mrs. Walker is that she was excused from performing under the employment contract because she had a statutory obligation to follow her husband when he moved to Grand Forks. In support of this contention, Mrs. Walker cites § 14–07–02, N.D.C.C., which provides:

> "*Head of family.*—The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto."

In response to this contention, we refer Mrs. Walker to § 14–07–05, N.D.C.C., which provides:

> "*Rights and liabilities of married woman.*—The wife after marriage has with respect to property, contracts, and torts the same capacity and rights and is subject to the same liabilities as before marriage, including liability to suit by her husband. In all actions by or against her, she shall sue and be sued in her own name."

In light of this latter statute, § 14–07–05, N.D.C.C., Mrs. Walker's contention is without merit.

It is incumbent upon the parties seeking enforcement of a liquidated-damages clause to prove that the clause is valid as an exception to the general prohibition of § 9–08–04, N.D.C.C. *Hofer, supra.* See also Electrical Products Corp. v. Williams, 117 Cal.App.2d Supp. 813, 256 P.2d 403 (1953). We hold that the school district has sustained its burden of proof.

The decision of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, SAND and VOGEL, JJ., concur.