Judy D. EDDY, Plaintiff and Appellant,

v.

James D. LEE and Linda K. Lee, Defendants and Appellees.

Civ. No. 9967.

Supreme Court of North Dakota.

Nov. 12, 1981.

---

On 23 Aug. 1978 Eddy and the Lees executed a "sale and earnest money contract" in which the Lees agreed to sell to Eddy a home located in Park River, North Dakota, for the price of $40,000 with $5,000 down and the balance of $35,000 to be paid on or before 15 Nov. 1978. The contract contained the following provision:

"Should the buyer default in completing the terms and conditions of this earnest money contract, the earnest money paid by the buyer shall, at the option of the seller, be forfeited as liquidated damages."

On 10 Nov. 1978 the parties entered into another agreement in which the Lees gave Eddy until 16 Mar. 1979 to pay the balance due under the contract. This agreement provided that, "if final payment is not made on or before March 16th, 1979, then and in that event the earnest money previously paid to the owners [the Lees] by the buyer/tenant [Eddy] shall be forfeited as provided in the sales and earnest money contract."

Eddy did not purchase the home and it was subsequently sold to a third party on 16 Apr. 1979 for $43,000. The Lees retained the $5,000 as liquidated damages, and Eddy commenced the instant action to recover the $5,000.

Eddy moved the district court to find as a matter of law that the stipulated damages were a penalty, and the Lees moved the district court to find as a matter of law that the stipulated damages were liquidated damages. After argument by counsel, the district court made the following statement:

"... This Court, having heard the arguments of counsel and taking due consideration of the briefs of counsel and the statutes of this state, makes the following ruling on the motions:

"Under Section 9–08–04 fixing the damages, as has been done in effect in the contract in this case, but in anticipation of the breach, is voided. However, there is the exception that, in the statute that says that the parties may agree on an amount presumed to be the damage

Hodny, Burke & Rice, Grafton, for plaintiff and appellant.

Traynor & Rutten, Devils Lake, for defendants and appellees.

SAND, Justice.

Plaintiff, Judy D. Eddy [Eddy], appealed from a summary judgment for dismissal in favor of the defendants, James D. and Linda K. Lee [the Lees], in which the district court dismissed Eddy's complaint because it determined that a $5,000.00 earnest money payment made by Eddy was liquidated damages and not a penalty.

sustained by a breach where it would be impracticable or extremely difficult to fix the actual damage.

"I find that the damages in this case would be impracticable or extremely difficult to fix and that the amount provided for in the contract is a reasonable sum as liquidated damages.

"The Court, therefore, denies the motion of Mr. Burke or denies the motion of the Plaintiff to declare the damages provided as a penalty and the counter-motion to determine that there are valid liquidated damages is granted."

Thereafter, both parties agreed that a breach had occurred and summary judgment for dismissal of Lee's complaint was granted. Eddy appealed to this Court.

The issue presented for our review is whether the "earnest money" forfeiture constitutes a valid liquidated damage agreement or is void as constituting a penalty under North Dakota Century Code § 9–08–04. This issue must be resolved within the framework of our law pertaining to summary judgment.

Summary judgment is a procedural device available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts and the inference to be drawn from undisputed facts, or when only a question of law is involved. *Herman v. Magnuson*, 277 N.W.2d 445 (N.D.1979). Where different factual inferences may be drawn, they must be drawn in favor of the party opposing summary judgment. *Sigurdson v. Lahr & Lahr, Inc.*, 299 N.W.2d 792 (N.D.1980). Whenever findings of fact are necessary, summary judgment is not appropriate. *Roeders v. City of Washburn*, 298 N.W.2d 779 (N.D.1980).

Section 9–08–04, NDCC, deals with fixing damages for a breach of contract and provides as follows:

"Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon an amount *presumed* to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage." [Emphasis added.] [1]

Our research does not disclose any North Dakota cases, and none have been called to our attention which construe the meaning of the word "presumed" in the context as used in NDCC § 9–08–04. However, the source notes to this statute reflect that it was derived from Cal.Civ.Code §§ 1670, 1671. Because our statute was derived from, and is substantially identical to, California's statute, we may give particular significance to California cases based upon their statute. The reasoning of these cases, depending upon their persuasiveness, may be valuable in interpreting the North Dakota statute. *Hetletved v. Hansen*, 256 N.W.2d 360 (N.D.1977).

Of particular significance are *United Savings and Loan Association of California v. Reeder Development Corporation*, 57 Cal. App.3d 282, 129 Cal.Rptr. 113 (1976), and *Barbera v. Sokol*, 101 Cal.App.3d 725, 161 Cal.Rptr. 843 (1980).

In *Reeder Development Corporation*, 129 Cal.Rptr. at 117, a liquidated damages provision in a contract for the sale of real property by United Savings to Reeder provided as follows:

"If escrow does not close through default on the part of the Buyer [Reeder], the sum, of Twenty Thousand Dollars ($20,000) herein agreed to be deposited into escrow by Buyer shall be released out of escrow ... and paid to Seller [United] and said sum ... shall be retained by Seller as liquidated damages due to the difficulty which Buyer and Seller have had in attempting to determine Seller's actual damages, and the retention of said sums shall constitute Seller's sole money remedy in the event of breach by Buyer of this Agreement to sell real property."

---

1. This Court, by letter directed to counsel, requested that each party submit a supplemental brief pertaining to NDCC § 9–08–04, and in particular as to the meaning of the word "presumed." The parties have complied with this request.

The *Reeder* court had under consideration the effect of that clause in connection with Cal. Civil Code § 1670[2] and § 1671[3]. The *Reeder* court found that § 1671, viewed in light of California's Evidence Code § 602[4] created a rebuttable presumption.

The *Reeder* court further determined that Civil Code § 1671 was a presumption affecting the burden of producing evidence as opposed to a presumption affecting the burden of proof. In determining the foundational facts to effectuate the presumed fact, the *Reeder* court concluded by saying:

"... the *foundational facts* of the Civil Code section 1671 presumption are the following: (1) an agreement by the parties fixing an amount to be considered as liquidated damages for a breach of the contract; (2) that it would be impracticable or extremely difficult to fix the amount of actual damages; and (3) that the amount stated as liquidated damages is the result of a reasonable endeavor by the parties to state an amount that bears a reasonable relationship to actual damages. The *presumed fact* of the presumption is that the amount set forth as liquidated damages constitutes the *actual loss or damage* sustained by breach of the contract."

The rationale employed in the California case has merit.

Similarly, North Dakota Rules of Evidence Rule 301(a) provides as follows:

"In all civil actions and proceedings not otherwise provided for by statute or by these rules, *if facts giving rise to a pre-sumption are established by credible evidence*, the presumption substitutes for evidence of the existence of the fact presumed until the trier of fact finds from credible evidence that the fact presumed does not exist, in which event the presumption is rebutted and ceases to operate. A party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence." [Emphasis added.]

Section 31–11–02, NDCC, sets out a list of conclusive presumptions and provides as follows:

"The following presumptions, and no others, are conclusive:

1. A malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another.

2. The truth of the facts from a recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title, but this rule does not apply to a recital of a consideration.

3. The judgment or order of a court when declared by the laws of this state to be conclusive, but such judgment or order shall be alleged in the pleadings, if there is an opportunity to do so. If there is no such opportunity, the judgment or order may be used as evidence.

4. The issue of a wife cohabiting with her husband who is not impotent is

---

2. California Civil Code § 1670 in effect at that time provided as follows:

"Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

3. California Civil Code § 1671 in effect at that time provided as follows:

"The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case it would be impracticable or extremely difficult to fix the actual damage."

Footnote 3 in *Barbera v. Sokol, supra,* reflects that, effective 1 July 1978; § 1671 was amended to provide in subdivision (b) that: "... a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made."

4. California Evidence Code § 602 in effect at that time provided as follows:

"A statute providing that a fact or group of facts is prima facie evidence of another fact establishes a rebuttable presumption."

presumed indisputable to be legitimate.

5. Any other presumption which by statute expressly is made conclusive.

■ The presumption stated in NDCC § 9–08–04 is not expressly made conclusive and, based on the provisions of NDCC § 31–11–02, we must conclude that NDCC § 9–08–04 contains only a rebuttable presumption.

In *Matter of Estate of Wagner*, 265 N.W.2d 459 (N.D.1978), we noted that the language of Rule 301, NDREv, means that the party wishing to rely upon a presumption created by law must introduce credible evidence to establish the presumption before it will be effective.

We have previously set out what we believe to be the credible evidence (i. e., foundational facts) necessary to establish the existence of a presumption in *Bowbells Public School District # 14 v. Walker*, 231 N.W.2d 173, 175–177 (N.D.1975), where we said:

"Pursuant to § 9–08–04, N.D.C.C., our primary consideration is whether the damages stemming from a particular breach of contract are 'impracticable' or 'extremely difficult' to ascertain—a prerequisite to the use of a fixed-damage provision. The determination of this issue necessarily depends upon the facts of each particular case and in making this determination, we must look at the facts of each case as they appeared to the parties at the time the contract was made. *Hofer v. W. M. Scott Livestock Company*, 201 N.W.2d 410 (N.D.1972).

"A contract provision, to be upheld as a valid liquidated-damages clause, must not only meet the statutory requirement of § 9–08–04, N.D.C.C., but also must fulfill the requirements imposed by case law. In *Hofer, supra*, in paragraph 2 of the syllabus, we delinated these requirements:

" 'Under South Dakota law a provision for payment of a stipulated sum as a liquidation of damages will be sustained if it appears that at the time the contract was made the damages in the event of a breach will be incapable or very difficult of accurate estimation, that there was a reasonable endeavor by the parties to fix their compensation, and that the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated.

"Although in *Hofer* we were construing South Dakota law, the South Dakota statutes are similar to NDCC § 9–08–04. We find the rationale of that case in accord with NDCC § 9–08–04; and, accordingly, adopt *Hofer* as a proper construction of such section.

"*Hofer* requires, in addition to the statutory requisite, that there be a reasonable endeavor by the parties to fix their compensation and that the amount stipulated bears a reasonable relationship, and is not disproportionate to, any anticipated damages."

■ These foundational facts in essence require a finding that (1) the damages stemming from a breach of contract are impractical or extremely difficult to ascertain at the time the contract was entered; (2) there was a reasonable endeavor by the parties to fix their compensation; and (3) the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated.

The down payment in some instances may coincide with and be equal to anticipated damages, but this is not necessarily so in every instance. The underlying factors that go into determining the down payment are not necessarily the same that go into determining the anticipated or presumed damages. Interest rates and such related matters all have a bearing in determining the down payment, but marketability and such related factors may determine anticipated or presumed damages.

In conjunction with the impracticality or difficulty of fixing damages at the time the contract was entered we note that NDCC § 32–03–14 deals with damages for the

breach of an agreement to buy realty and provides as follows:

"The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due the seller under the contract over the value of the property."

The interrelationship of all these factors must be considered in determining whether or not a liquidated damages provision is valid or is void as a penalty. As such, factual findings must be made as to the foundational facts. Because findings of fact as to the foundational facts are necessary to implement the presumed fact, we conclude that summary judgment was inappropriate in this instance.

Accordingly, the summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.