The **FEDERAL LAND BANK OF ST. PAUL**, Plaintiff and Appellee,

v.

**William J. WOELL, a/k/a W.J. Woell, as William Woell and as William Woell, Jr.,** Defendant and Appellant.

Civ. No. 870058.

Supreme Court of North Dakota.

Nov. 19, 1987.

---

**501**

Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellee; argued by Brad A. Sinclair.

William J. Woell, pro se.

ERICKSTAD, Chief Justice.

Defendant William J. Woell appeals from a judgment entered against him on December 5, 1986. The judgment struck Woell's answer and counterclaim pursuant to Rule 37(d) of the North Dakota Rules of Civil Procedure.[1] The judgment also granted plaintiff Federal Land Bank of St. Paul's motion for summary judgment and attorney's fees. We affirm the imposition of sanctions but reverse and remand for a determination of Federal Land Bank's damages under the land purchase agreement.

Federal Land Bank foreclosed its mortgage upon certain land owned by Woell, including land on which his home was situated, and received a sheriff's certificate of sale on September 14, 1984. Woell subsequently failed to redeem the property with-

---

1. Rule 37(d), N.D.R.Civ.P., states:

"*(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.* If a party or an officer, director, superintendent, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails:

(1) to appear before the officer who is to take his deposition, after being served with a proper notice;

(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories;

(3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request,

the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2). In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

**502**

in the one year statutory period.[2] Shortly after the redemption period expired, however, Woell and Federal Land Bank entered into an agreement in which Woell agreed to pay $30,000 for approximately 27 acres of land described as the building site. The agreement provided:

"I [Woell] tender herewith deposit of Five thousand and no/100 Dollars ($5,000.00) to apply on the purchase price of said land, and will pay Twenty-five thousand and no/100 Dollars ($25,000.00) on or before November 30, 1985, to complete the purchase price....

"I further agree that the sum tendered herewith and all payments made to apply on the down payment may be kept by you [Federal Land Bank] as liquidation damages in case I fail to execute and send back within the time above stated, the contract or mortgage sent to me. I also agree to make all payments as above specified to complete down payment or full payment in case of a cash offer."

When Woell failed to timely pay the $25,000, Federal Land Bank filed a complaint in which it prayed for $5,000 in damages, the amount of Woell's down payment. Woell, acting *pro se*, filed an answer alleging that the "documents relied upon by the Plaintiff were induced by coercion, and fraudulent conduct, consisting largely of deceit, and misrepresentation on the part of its agents." Woell also filed a counterclaim asking for $3,150,000 in damages as a result of Federal Land Bank's alleged "misrepresentation, and malicious, unjust, and fraudulent action." Woell repeatedly made allegations of fraud and coercion in his answer, counterclaim, and appellate court brief, and before us during oral arguments. Woell has failed to provide specific facts to substantiate his claims, however. Woell

inserted the following address below his signature on his answer and counterclaim dated July 2, 1986:

"William J. Woell
RR1
Davenport, N.D. 58021"

After responding to Woell's counterclaim, Federal Land Bank served notice on July 28, 1986, to take Woell's deposition on August 22, 1986. Woell did not appear at the designated time and place. Woell's wife appeared and counsel for Federal Land Bank personally served Mrs. Woell with notice to take Woell's deposition on August 29, 1986. Woell did not attend the second scheduled deposition and failed to explain his absence to the court reporter or Federal Land Bank.

Federal Land Bank then filed a motion to compel the taking of Woell's deposition on September 17, 1986. Woell filed a motion for continuance on September 30, 1986. On October 6, 1986, the trial court held a hearing on these motions. Counsel for Federal Land Bank appeared. Woell did not appear nor did anyone on his behalf.

The trial court then ordered Woell to attend a deposition scheduled for October 21, 1986. In its order, the trial court warned Woell that "failure to attend the Notice of Deposition at the time and place as noticed shall result in granting Federal Land Bank's sanctions pursuant to North Dakota Rules of Civil Procedure Rule 37(d) which includes but are not limited to granting Federal Land Bank's motion for relief prayed for in this Complaint, dismissing William J. Woell's Answer and Counterclaim with prejudice in addition to awarding Federal Land Bank its costs." The next notice to take deposition included the following language: "your failure to attend this deposition will result in discovery

2. Section 28–24–02, N.D.C.C., states:
"*Payment on and period of redemption.* The judgment debtor or redemptioner may redeem the property from the purchaser within one year (six months in redemptions under subsection 1 of section 32–19.1–04) after the sale on paying the purchaser the amount of the purchase with interest at the rate provided in the original instrument on which the judgment is based, plus the amount of any insur-

ance premiums, assessments, taxes, utilities, or other items paid by the purchaser in protection of the title or the premises, which the purchaser may have paid after the purchase, and interest at the same rate on that amount, and, if the purchaser is also a creditor having a lien superior to that of the redemptioner other than the judgment under which the purchase was made, the amount of that lien with interest."

sanctions including but not limited to the Plaintiff being awarded the relief as sought for in its Complaint and dismissal of your Answer and Counterclaim." The notice was served by Angie F. Kondos, who mailed a copy to Woell at his address in Davenport, North Dakota.[3] Woell failed again to attend.

After three unsuccessful attempts to take Woell's deposition, Federal Land Bank noticed its motion for dismissal of Woell's answer and counterclaim as well as its motion for summary judgment on the complaint for hearing on December 1, 1986. These notices were served by mail and addressed to Woell at Rural Route 1, Davenport, ND 58021, the same address used in all notices. Woell appeared at the hearing on the motions for dismissal of his counterclaim and the entry of summary judgment against him on December 1, 1986, at which time the district court granted Federal Land Bank's motion for dismissal of Woell's answer and counterclaim and Federal Land Bank's motion for summary judgment.

We must decide whether or not the trial court properly granted both of the Federal Land Bank's motions.

The trial court invoked Rule 37 of the North Dakota Rules of Civil Procedure when it struck Woell's answer and counterclaim. Our review of these sanctions begins with the realization that a trial court is vested with broad discretion when imposing sanctions for abuses of the discovery process, and that a trial court's sanctions will not be set aside unless it is shown that a trial court abused its discretion. *Thompson v. Ziebarth*, 334 N.W.2d 192, 193 (N.D. 1983); *Dakota Bank & Trust Co. of Fargo v. Brakke*, 377 N.W.2d 553, 555 (N.D.1985).

We found an abuse of discretion in *Thompson, supra*, when the trial court dis-

missed an action because of the plaintiff's failure to attend his scheduled deposition. The plaintiff's attorney in *Thompson* was vacationing in Canada when the notice of deposition was served. The attorney's office failed to notify him and, consequently, the attorney failed to notify his client, the plaintiff in *Thompson*. We determined that the plaintiff in *Thompson* was not acting in bad faith or deliberately avoiding the discovery process.[4] *Id.* at 195.

We recently found an abuse of discretion in *Gohner v. Zundel*, 411 N.W.2d 75 (N.D. 1987), when the trial court dismissed the answer *and* counterclaim of the defendant. We ruled that dismissal of the answer was too harsh a sanction in view of the defendant's efforts to participate in discovery and the trial. *Gohner* at 80.

In *Brakke, supra*, we affirmed the trial court's imposition of sanctions pursuant to Rule 37, N.D.R.Civ.P. We distinguished *Brakke* from *Thompson* on the basis of several facts in *Brakke* which tended to justify the full use of the trial court's authority under Rule 37, N.D.R.Civ.P. These facts included Brakke's failure to respond to several discovery requests or offer an explanation for not responding. Brakke also filed several documents in which he clothed himself with the authority to cancel hearings and grant a motion for summary judgment in his favor. *Brakke* at 557. The trial court in *Brakke* also found intentional abuses of the discovery process.

■ The facts of this appeal, like *Brakke*, adequately support the trial court's decision to dismiss the delinquent party's pleadings. Woell's absenteeism involved more than a single instance of failure to make himself amenable to the processes of the court. *Cf. Gohner v. Zundel, supra* at 79–81. The trial court found Woell intentionally failed to attend his

---

**3.** The affiant did not state that she was of legal age but otherwise complied with Rule 4(j), N.D. R.Civ.P., which states:

"*(j) Content of Affidavit of Mailing.* An affidavit of mailing required by this rule must state that a copy of the process, pleading, order of court, or other paper to be served was deposited by the affiant, with postage prepaid, in the United States mail and direct-

ed to the party shown in the affidavit to be served at his last reasonably ascertainable post office address, showing the date and place of depositing and that the affiant is of legal age and having attached thereto the return receipt, if any."

**4.** Our determination was not in conflict with the trial court's findings.

properly noticed depositions. Woell failed to submit any explanation for his absence until the hearing on the motions, and then his explanations were not under oath and were more conclusive in nature than evidentiary.[5] At the summary judgment hearing and during oral arguments of this appeal, Woell alluded to trips to New York City and other places to "reestablish some business contacts." From the trial court's perspective, these allusions may well have fallen short of the explanation needed to excuse attendance at properly noticed depositions and hearings. Accordingly, we cannot say the trial court abused its discretion when it struck Woell's answer and counterclaim.

We remand this case, however, for a determination of Federal Land Bank's damages under the purchase agreement. In so doing, we think it appropriate to review several decisions which may assist the trial court in resolving the damages issue.

■ In its judgment dated December 5, 1986, the trial court discussed the applicability of *Brakke* to the facts in the instant suit. We have concluded that the trial court properly relied on Brakke in imposing sanctions. *Brakke* is distinguishable from this appeal on the issue of damages. In granting summary judgment, the *Brakke* trial court[6] deemed the facts in appellee's request for admissions admitted. With the admissions, the *Brakke* trial court concluded the burden of proof for summary judgment had been met. *Brakke* at 557. In the instant suit, however, there simply was no evidence upon which a motion for summary judgment could be granted on the issue of damages.

Federal Land Bank relies on Rule 56(a) of N.D.R.Civ.P., and *Remmick v. Mills*, 165 N.W.2d 61 (N.D.1969) for its assertion that summary judgment was properly granted, notwithstanding the absence of supporting affidavits or other evidence. We note that Rule 56(a), N.D.R.Civ.P., allows a claimant to "move with or without

supporting affidavits" for summary judgment. Rule 12(c) N.D.R.Civ.P., moreover, expressly allows judgment based on the pleadings.

Our decision to remand, however, is not premised solely on Federal Land Bank's failure to submit evidence supporting its motion for summary judgment. Rather, our concern lies in the trial court's failure to ascertain the validity of the liquidated damages provision in the purchase agreement as required by § 9–08–04, N.D.C.C., and our case law interpreting that section. Section 9–08–04, N.D.C.C., reads:

> "9–08–04. *Fixing damages for breach void—Exception.* Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon an amount presumed to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage."

We set out the foundational facts necessary to uphold a liquidated damages clause under § 9–08–04 in *City of Fargo v. Case Development Co.*, 401 N.W.2d 529 (N.D. 1987); *Bowbells Public School District # 14 v. Walker*, 231 N.W.2d 173 (N.D. 1975); *Eddy v. Lee*, 312 N.W.2d 326 (N.D. 1981). We construed a similar South Dakota statute in *Hofer v. W.M. Scott Livestock Co.*, 201 N.W.2d 410 (N.D.1972).

In *Eddy v. Lee, supra,* we reversed the trial court for granting summary judgment on a land sale contract in which the seller retained $5,000 as liquidated damages. We said in *Eddy* that a party who seeks to fit within the exception in Section 9–08–04 and trigger the "presumed" damages clause must provide certain foundational facts upon which the trial court may make findings. *Eddy* at 330. These foundational facts include: (1) the difficulty of measuring damages at the time of contract forma-

---

**5.** Woell maintained that he does not receive mail at the address cited in the text of the opinion. Woell used that address for his answer and counterclaim, however, and did not provide the court or Federal Land Bank with a forwarding address.

**6.** East Central District Judge John O. Garaas sat as trial judge in *Brakke* and this case.

tion; (2) a reasonable attempt by the parties to fix damages; and (3) a reasonable relationship between the damages stipulated to and the amount that may be reasonably anticipated under the circumstances. *Id.* We remanded the case in *Eddy* and directed the trial court to determine the validity of the liquidated damages provision based on the presence or absence of the above foundational facts. *Id.* at 331.

In *Eddy* we remanded despite the trial court's efforts to make findings with respect to § 9–08–04. In this case, the record discloses that Woell cited the statute but the record does not disclose that the court considered it. At the December 1, 1986, hearing on Federal Land Bank's motion for summary judgment and sanctions, Woell raised the issue:

"[Woell] That is really the question at issue here. It is spelled out under Statute 9–08–03, penalties and penal clauses void, specifically that this $5,000 is not applicable to damages in this particular case. Also in 9–08–04 regarding use and occupation of land—

"THE COURT: The last section, 9–08–03 [sic] of the North Dakota Century Code is applicable—that statute simply says that penalties imposed by contract for nonperformance are void. You feel this would be a penalty?

"MR. WOELL: Do I feel what would be a penalty?

"THE COURT: The $5,000.

"MR. WOELL: They are trying to claim as a penalty?"

The court referred to § 9–08–03 but not § 9–08–04. We direct the trial court to reconsider Federal Land Bank's damages in light of Section 9–08–04 and the cases cited herein which have construed that section. The trial court should have granted only such relief as Federal Land Bank was entitled. *See North Dakota State Engineer v. Schirado,* 373 N.W.2d 904 at 910–11 (N.D.1985).

We affirm the trial court's imposition of sanctions dismissing the answer and counterclaim, deny Federal Land Bank's motion for appellate court costs and attorney's fees, reverse the summary judgment for Federal Land Bank's damages, and remand for redetermination of those damages in light of what we have said herein.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.