Edward J. HAGAN, Eveleen H. Beddow, Genevieve Hagan, Peter A. Nygaard, Jr., Mary Pauline Nygaard, and Joan Nygaard Walter, Plaintiffs and Appellees,

v.

John I. HAVNVIK, Defendant and Appellant.

Civ. No. 870067.

Supreme Court of North Dakota.

March 7, 1988.

Rolfstad, Winkjer, McKennett & Stenehjem, PC, Williston, for defendant and appellant; argued by Richard A. McKennett.

McIntee & Whisenand, PC, Williston, for plaintiffs and appellees; argued by Fred E. Whisenand.

GIERKE, Justice.

The defendant, John Havnvik (Havnvik), appeals from a judgment issued by the district court which held that Havnvik was unconditionally liable for any deficiency from the sale of the property foreclosed upon. We affirm in part and reverse in part.

Havnvik is in the business of building and operating gasoline stations and convenience stores. Havnvik determined that he would like to build and operate a gasoline station and convenience store in the City of Williston on a portion of property owned by Edward Hagan, Eveleen Beddow, Genevieve Hagan, Peter Nygaard, Jr., Mary Nygaard and Joan Walter (Hagans). Havnvik offered to purchase a portion of the property but the Hagans rejected the offer stating that they would agree to sell the property only if Havnvik purchased the entire parcel. Havnvik was willing to purchase the entire parcel.

On October 1, 1984, a contract for deed was entered into between the parties whereby the Hagans agreed to sell the entire parcel of real property to Havnvik. The purchase price was $84,285.00 with an annual interest rate of 10% per annum on the unpaid balance.[1] Havnvik made a down payment of $16,857.00. The remaining balance was to be paid in annual installments of principal and interest at varying amounts with the final payment due and payable on October 1, 1989.[2]

---

1. The 1984 taxes and special assessments were prorated between the Hagans and Havnvik and accordingly, Havnvik paid the sum of $2,958.63.

2. The district court made the following finding of fact as to the subsequent payments of the remaining balance:

"That the amounts and dates of subsequent payments required under the said Contract

The contract for deed contained a default provision which provided that on the failure of the buyer to do or perform any and all covenants and agreements contained within the contract for deed, the sellers may at their option declare the entire indebtedness owing under the contract immediately due and payable and to cancel the contract in accordance with the laws of the State of North Dakota. In addition, the default provision contained a liquidated damages clause which provided that if the contract for deed was cancelled all of the payments that had been made by the buyer would be retained by the seller for the use of the premises.

In addition to the contract for deed, Havnvik signed a guaranty in which he personally guaranteed the full and complete performance of the entire contract for deed. Also, the Hagans signed a warranty deed for the portion of the property where the gasoline station and convenience store was to be located.[3] It was disputed whether this guaranty was given in consideration for the warranty deed to the property upon which the gasoline station and convenience store was located, or whether all the documents were merely a part of one single transaction.

Havnvik developed a portion of the property as he had planned. Havnvik operated a gasoline station and convenience store on a portion of the property under a lease-back arrangement with an investor.

Havnvik failed to pay the annual installment amount of $13,485.60 which under the terms of the contract for deed was due and payable on October 1, 1985. The Hagans declared the entire balance of the contract for deed due and sought to foreclose the contract for deed. In addition, the Hagans sought a deficiency judgment against Havnvik.

A trial was held on November 26, 1986. The trial court determined that Havnvik failed to prove sufficient facts to bring the case within the exception of Section 9–08–04 of the North Dakota Century Code which provides that any agreement fixing damages in anticipation of breach is void except where it would be impracticable or extremely difficult to fix the actual damage. Further, the trial court determined that the guaranty was a separate and distinct obligation from the contract for deed. In addition, the trial court concluded that the Hagans were entitled to foreclose the contract for deed and that Havnvik would be personally liable for any deficiency after the foreclosure sale. Judgment was entered on January 14, 1987. This appeal followed.

Havnvik raises two issues on appeal. Initially, Havnvik contends that sellers of real property, under a contract for deed with a default provision whereby they might declare the entire indebtedness immediately due and cancel the contract in accordance with the laws of the State of North Dakota, are not entitled to foreclose the contract and recover a judgment for the amount still due and owing on the purchase price, and thereafter recover a deficiency judgment if the real property sells for less than the amount of the judgment at a foreclosure sale. Also, Havnvik contends that the trial court erred in holding Havnvik personally liable as a result of a personal guaranty wherein he guaranteed his own performance under a contract for deed.

Havnvik contends that the contract for deed clearly sets forth the remedy available to the Hagans in the event of default. Havnvik argued that the Hagans are entitled to the return of the undeeded portion of the property and that the Hagans are also entitled to retain all payments made to

---

for Deed were $13,485.60, being principal and interest, due and payable on October 1, 1985; $12,811.32, being principal and interest, due and payable on October 1, 1986; the sum of $12,137.00, being principal and interest, due and payable on October 1, 1987; the sum of $11,462.66, being principal and interest, due and payable on October 1, 1988; and the sum of $40,456.80, being the remaining unpaid bal-

ance of principal and interest, shall be due and payable on October 1, 1989."

3. In order for Havnvik to facilitate financing, the Hagans provided Havnvik with a warranty deed conveying free and clear the portion of the property on which the gasoline station and convenience store would be located.

them by Havnvik. Thus, Havnvik contends that the Hagans are only entitled to such relief as specified in the liquidated damages clause in the default provision of the contract for deed.

The default provision of the contract for deed provides as follows:

"6. DEFAULT: It is mutually understood and agreed that in case of the failure on the part of the Buyer to do or perform any and all of the covenants and agreements herein agreed to be performed, such failure shall entitle the Sellers, at their option, to declare the entire indebtedness owing hereunder immediately due and payable and to cancel this Contract for Deed, in accordance with the laws of the State of North Dakota. In the event of the cancellation of this Contract for Deed, all payments theretofore made hereunder by the Buyer or his assignees, shall be kept and retained by said Sellers or their assignees, for the use of said premises by said Buyer and his assignees as and for their liquidated and agreed damages by reason of the cancellation of this Contract for Deed."

Thus, the default provision of the contract for deed contains a liquidated damages clause.

In North Dakota, Section 9–08–04 of the North Dakota Century Code voids all liquidated damage clauses except in certain instances. Section 9–08–04 provides as follows:

"9–08–04. Fixing damages for breach void—Exception. Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon an amount presumed to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage."

In *Bowbells Public School District No. 14 v. Walker*, 231 N.W.2d 173, 175–176 (N.D.1975), this Court stated that:

"Pursuant to § 9–08–04, N.D.C.C., our primary consideration is whether the damages stemming from a particular breach of contract are 'impracticable' or 'extremely difficult' to ascertain—a prerequisite to the use of a fixed-damage provision. The determination of this issue necessarily depends upon the facts of each particular case and in making this determination, we must look at the facts of each case as they appeared to the parties at the time the contract was made. *Hofer v. W.M. Scott Livestock Company*, 201 N.W.2d 410 (N.D.1972).

\*    \*    \*    \*    \*    \*

"A contract provision, to be upheld as a valid liquidated-damages clause, must not only meet the statutory requirement of § 9–08–04, N.D.C.C., but also must fulfill the requirements imposed by case law. In *Hofer, supra*, in paragraph 2 of the syllabus, we delineated these requirements:

" 'Under South Dakota law a provision for payment of a stipulated sum as a liquidation of damages will be sustained if it appears that at the time the contract was made the damages in the event of a breach will be incapable or very difficult of accurate estimation, that there was a reasonable endeavor by the parties to fix their compensation, and that the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated.'

"Although in *Hofer*, we were construing South Dakota law, the South Dakota statutes are similar to § 9–08–04, N.D. C.C., we find the rationale of that case in accord with § 9–08–04, N.D.C.C., and, accordingly, adopt *Hofer* as a proper construction of such section."

In *Eddy v. Lee*, 312 N.W.2d 326, 330 (N.D.1981), we noted that the statutory and case law requirements which must be fulfilled in order for a contract provision to be upheld as a valid liquidated-damages clause are "that (1) the damages stemming from a breach of contract are impracticable or extremely difficult to ascertain at the time the contract was entered; (2) there was a reasonable endeavor by the parties to fix

their compensation; and (3) the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated." *See also Federal Land Bank of St. Paul v. Woell*, 415 N.W.2d 500, 504–505 (N.D.1987); *City of Fargo v. Case Development Co.*, 401 N.W.2d 529, 531 (N.D.1987).

██ The burden of proving that a liquidated damages clause in a contract for deed is valid and enforceable is upon the party relying upon the clause. *City of Fargo v. Case Development Co., supra; Hofer v. W.M. Scott Livestock Company*, 201 N.W.2d 410, 416 (N.D.1972).

Even though Section 32–03–14 of the North Dakota Century Code was not cited by either party, we note that it provides that damages for breach of an agreement to purchase real property consist of the excess, if any, of the amount which would have been due under the contract over the value of the property. In *Gerhardt v. Fleck*, 256 N.W.2d 547, 554 (N.D.1977), we construed Section 32–03–14 to allow as damages the difference between the contract price and the salable or market value of the property at the time of the breach, after giving credit for any sums paid.

In the instant case, the trial court found that the actual amount of damages in this case would not be impracticable or extremely difficult to ascertain. Accordingly, the trial court determined that Havnvik failed to establish that the facts of the case bring the liquidated damages clause within

the exception of Section 9–08–04 of the North Dakota Century Code. We agree.

██ We conclude that the trial court's finding that damages in this case could easily be determined was not clearly erroneous and that the trial court did not err in holding that the liquidated damages clause was void under the provisions of Section 9–08–04 of the North Dakota Century Code.

Havnvik next contends that the trial court erred in holding that as a result of the personal guaranty Havnvik would be personally liable for any deficiency after the foreclosure sale.

The guaranty which Havnvik signed provides that "[f]or a further consideration of said Contract for Deed, the undersigned, John I. Havnvik, ... individually guarantees the performance of the Tenant of all of the terms and conditions of the foregoing and attached Contract for Deed" dated October 1, 1984, made and entered into by and between the Hagans, grantors, and Havnvik, grantee.

The trial court determined that the personal guaranty was given in consideration of the granting of the warranty deed. Also, the trial court determined that the intent of the guaranty was to have Havnvik personally guarantee his performance of the terms and conditions of the contract for deed. Thus, the trial court found that Havnvik would be personally liable for any deficiency after the foreclosure sale as a result of his personal guaranty.[4]

---

4. The trial court made the following findings as to the personal guaranty:

"XI.
"That the Personal Guaranty was executed by the Defendant on the 10th of October, 1984 to be effective as of October 1 of that year. The Guaranty was of performance of all the terms and conditions in the Contract for Deed.

"XII.
"The Defendant intended to finance a pumping station and convenience store on portions of the property and needed a Warranty Deed to Lot 2 B in Block 31 of Pheasant Run First Addition to the City of Williston.

"XIII.
"The Plaintiff, in consideration of granting the Warranty Deed obtained the Personal Guaranty mentioned above.

"XIV.
"The intent of the Guaranty was to have the Defendant personally guarantee performance of the terms and conditions of the Contract for Deed and that the payments and accrued interest thereon would be made in a timely manner.

*    *    *    *    *    *

"XX.
"The contract of guaranty is a separate and distinct obligation from the Contract for Deed.

"XXI.
"The Defendant is personally liable to the Plaintiff for the balance for the deficiency due after sale of the premises.

"XXII.
"The Plaintiff is entitled to proceed with a foreclosure of the Contract for Deed in appro-

Hagans argue that the guaranty was a separate and distinct contract wherein Havnvik personally guaranteed his performance of the terms and conditions of the contract for deed. In effect, Hagans contend that they may recover on the guaranty and need not follow the anti-deficiency statutes. We disagree.

■ If a vendor of a land contract commences an action for the foreclosure of the land contract, the anti-deficiency statutes provide that the court shall not render a deficiency judgment against the vendee except under very limited circumstances provided for in the statutes. Section 32–19–06, N.D.C.C. In order to obtain a deficiency judgment, the plaintiff must bring a separate action against the party personally liable for that part of the debt, with recovery limited to the difference between the amount adjudged to be due, plus the costs of the action, and the fair market value of the land. Section 32–19–06, N.D.C.C.

In *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640, 643 (N.D.1986), this Court held that the anti-deficiency statutes do not preclude recovery from a guarantor.

Also, in *Mandan Security Bank v. Heinsohn*, 320 N.W.2d 494, 496 (N.D.1982), this Court was asked to determine whether or not the anti-deficiency statute precludes recovery against the individual partners on the guaranties of the partnership debt. This Court concluded that the guaranties of the individual partners are separate obligations from the partnership, and recovery on the individual guaranties is not precluded by the anti-deficiency statute. *Mandan Security Bank v. Heinsohn, supra* at 498.[5]

Section 22–01–01 of the North Dakota Century Code defines a guaranty as "a promise to answer for the debt, default, or miscarriage of another person." Also, in 38 Am.Jur.2d, Guaranty, § 4, the author states:

"A contract of guaranty, being a collateral engagement for the performance of an undertaking of another, imports the existence of two different obligations—one being that of the principal debtor, and the other that of the guarantor. . . .

"The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The undertaking of the former is independent of the promise of the latter; and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral. The fact that both contracts are written on the same paper or instrument does not affect the independence or separateness of the one from the other." (Footnotes omitted.)

In the instant case, Havnvik was a party to the principal obligation of the contract for deed. Additionally, Havnvik was a party to the guaranty which guaranteed the performance of the contract for deed. Thus, Havnvik was both the principal debtor and the guarantor of the contract for deed.

■ We do not believe that the guaranty by Havnvik was "a promise to answer for the debt, default, or miscarriage of another person" within the definition of guaranty in Section 22–01–01 of the North Dakota Century Code. Therefore, we conclude that the trial court incorrectly held that as a result of his personal guaranty Havnvik is personally liable for the balance of the deficiency, if any, after the foreclosure sale.

Accordingly, the trial court judgment is affirmed insofar as it held that Havnvik

---

priate statutory fashion. The deficiency, if any, upon sale shall become a personal judgment against the Defendant."
Accordingly, the trial court concluded that Havnvik is personally liable under an independent contract of guaranty to the Hagans.

5. We note that Justice VandeWalle's dissent in *Mandan Security Bank v. Heinsohn*, 320 N.W.2d 494, 501–502 (N.D.1982), warns that the majority opinion in that case indicates "that individual mortgagors who are also required to sign a guaranty before receiving a loan are not protected by the anti-deficiency statutes."

failed to prove sufficient facts to bring the case within the exception of Section 9–08–04 of the North Dakota Century Code and reversed to the extent it held that Havnvik was personally liable for any deficiency after the foreclosure sale as a result of his personal guaranty.

ERICKSTAD, C.J., and VANDE WALLE, J., concur.

LEVINE and MESCHKE, JJ., concur in the result.