**J.P. DOSLAND and Arlis McCauley, Plaintiffs and Appellants,**

v.

**Michael W.B. NETLAND and Susan Z. Netland, Defendants and Appellees.**

Civ. No. 870228.

Supreme Court of North Dakota.

May 26, 1988.

Dosland, Dosland, Nordhougen, Lillehaug & Johnson, PA, Moorhead, Minn., for plaintiffs and appellants; argued by Duane A. Lillehaug.

Nilles, Hansen & Davies, Ltd., Fargo, for defendants and appellees; argued by Daniel J. Crothers.

GIERKE, Justice.

The plaintiffs, J.P. Dosland and Arlis McCauley (hereafter collectively referred to as Dosland), appeal from a district court judgment granting summary judgment in favor of the defendants, Michael and Susan Netland (Netlands). We reverse and remand.

On November 17, 1985, the Netlands entered into a written agreement with Dosland in which Dosland agreed to sell to the Netlands a home located in Fargo, North Dakota, for the price of $130,000.00 with an earnest money payment of $2,000.00.[1] In accordance with the agreement, the Netlands were required to complete the purchase of the property by closing the sale on or before December 30, 1985.

The Netlands did not purchase the home and subsequently the property was sold to another party for $114,000.00. Dosland commenced the instant action to recover damages in the amount of $16,000.00,[2] plus interest thereon from December 30, 1985, and costs and disbursements.

On June 15, 1987, a motion for summary judgment was filed by the Netlands. Both parties filed briefs on the motion for summary judgment. In support of the motion, the Netlands argued that there is no material fact at issue, and that they are entitled to a judgment as a matter of law, limiting Dosland's recovery to the earnest money previously paid. In opposition to the motion, Dosland argued that the earnest money clause was ambiguous and must be construed in light of the intention of the parties and therefore a genuine issue of material fact existed. Dosland also argued that the liquidated damages clause of the agreement was void under Section 9–08–04 of the North Dakota Century Code. On July 24, 1987, the trial court granted Netlands' mo-

---

1. The earnest money payment of $2,000.00 is held by the Realtor in trust for Dosland.

2. The $16,000.00 figure represents the difference between the agreed upon price in the contract between Dosland and the Netlands and the price obtained by Dosland for resale of the property to a subsequent purchaser.

tion for summary judgment. This appeal followed.

Dosland initially contends on appeal that the trial court erred in granting summary judgment in favor of the Netlands because a genuine issue of material fact exists.

In determining whether or not summary judgment is appropriate, this Court in *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D. 1985), stated as follows:

"Summary judgment under Rule 56, N.D.R.Civ.P., should be granted only if, after taking the view of the evidence most favorable to the party against whom summary judgment is sought, it appears that there are no genuine issues as to material facts or conflicting inferences from the facts. *Albers v. NoDak Racing Club, Inc.*, 256 N.W.2d 355 (N.D. 1977). Our task on appeal from summary judgment is to determine:

" 'Did the information available to the trial court, when viewed in a light most favorable to the opposing party, preclude the existence of a genuine issue as to any material fact and entitle the moving party to summary judgment as a matter of law?' *Johnson v. Haugland*, 303 N.W.2d 533, 537 (N.D. 1981)."

The earnest money clause in paragraph 2 of the agreement provides in part as follows:

"[I]f said sale is approved by the owner and the owner's said title is insurable or marketable and the purchaser for any reason fails, neglects or refuses to complete purchase and to make payments promptly as above set forth, then the owner shall be paid the earnest money so held in escrow as liquidated damages for such failure to consumate [sic] the purchase, without prejudice *or* other rights and legal remedies." (Emphasis added.)

Dosland claims that the earnest money clause is ambiguous and therefore extrinsic evidence is necessary to ascertain the intent of the parties. Dosland contends that the phrase "without prejudice or other rights and legal remedies" renders the provision ambiguous because it indicates that payment of the earnest money to the own-

ers is "without prejudice" but then suggests that there is some restriction on other rights and legal remedies. Dosland argues that the word "or" makes it impossible to determine the intention of the parties from the written agreement. We agree.

We believe that the agreement contains an ambiguous clause with respect to the earnest money. Further, we believe that extrinsic evidence is necessary to determine the intention of the parties. Therefore, we conclude that the trial court improperly granted summary judgment for the defendants since a genuine issue of material fact had been raised.

Even though our determination of the first issue is dispositive of this case, we believe that the second issue raised by Dosland must be addressed because it very likely will arise on remand.

Dosland contends that the liquidated damages clause of the agreement is void under Section 9–08–04 of the North Dakota Century Code and therefore the trial court erred in granting summary judgment in favor of the Netlands.

Section 9–08–04 of the North Dakota Century Code provides as follows:

"9–08–04. Fixing damages for breach void—Exception. Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties may agree therein upon an amount presumed to be the damage sustained by a breach in cases where it would be impracticable or extremely difficult to fix the actual damage."

In *Bowbells Public School District No. 14 v. Walker*, 231 N.W.2d 173, 175–176 (N.D.1975), this Court stated that:

"Pursuant to § 9–08–04, N.D.C.C., our primary consideration is whether the damages stemming from a particular breach of contract are 'impracticable' or 'extremely difficult' to ascertain—a prerequisite to the use of a fixed-damage provision. The determination of this issue necessarily depends upon the facts of each particular case and in making this

determination, we must look at the facts of each case as they appeared to the parties at the time the contract was made. *Hofer v. W.M. Scott Livestock Company,* 201 N.W.2d 410 (N.D.1972).

\* \* \* \* \* \*

"A contract provision, to be upheld as a valid liquidated-damages clause, must not only meet the statutory requirement of § 9–08–04, N.D.C.C., but also must fulfill the requirements imposed by case law. In *Hofer, supra,* in paragraph 2 of the syllabus, we delineated these requirements:

" 'Under South Dakota law a provision for payment of a stipulated sum as a liquidation of damages will be sustained if it appears that at the time the contract was made the damages in the event of a breach will be incapable or very difficult of accurate estimation, that there was a reasonable endeavor by the parties to fix their compensation, and that the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated.'

"Although in *Hofer,* we were construing South Dakota law, the South Dakota statutes are similar to § 9–08–04, N.D. C.C., we find the rationale of that case in accord with § 9–08–04, N.D.C.C., and, accordingly, adopt *Hofer* as a proper construction of such section.

"*Hofer* requires, in addition to the statutory requisite, that there be a reasonable endeavor by the parties to fix their compensation and that the amount stipulated bears a reasonable relationship, and is not disproportionate to, any anticipated damages."

In *Eddy v. Lee,* 312 N.W.2d 326, 330 (N.D.1981), this Court stated that:

"These foundational facts in essence require a finding that (1) the damages stemming from a breach of contract are impractical or extremely difficult to ascertain at the time the contract was entered; (2) there was a reasonable endeavor by the parties to fix their compensation; and (3) the amount stipulated bears a reasonable relation to the probable damages and is not disproportionate to any damages reasonably to be anticipated.

\* \* \* \* \* \*

"In conjunction with the impracticality or difficulty of fixing damages at the time the contract was entered we note that NDCC § 32–03–14 deals with damages for the breach of an agreement to buy realty and provides as follows:

" 'The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due the seller under the contract over the value of the property.'

"The interrelationship of all these factors must be considered in determining whether or not a liquidated damages provision is valid or is void as a penalty. As such, factual findings must be made as to the foundational facts. Because findings of fact as to the foundational facts are necessary to implement the presumed fact, we conclude that summary judgment was inappropriate in this instance." [*See also Hagan v. Havnvik,* 421 N.W.2d 56 (N.D.1988) ]

We believe that summary judgment is inappropriate in the instant case because, as stated in *Eddy v. Lee, supra,* in determining the validity of a liquidated damages provision findings of fact must be made as to the "foundational facts".

Accordingly, summary judgment is reversed and the case is remanded for trial.

VANDE WALLE and MESCHKE, JJ., concur.

ERICKSTAD, C.J., and LEVINE, J., concur in the result.